THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JAMES J. GRANEY, Defendant-Appellee.

Second District   No. 2—91—0128

Opinion filed September 10, 1992.—Rehearing denied October 13, 1992.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Joseph M. Laraia, of Joseph M. Laraia & Associates, P.C., of Wheaton, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

The State appeals the order of the circuit court which granted the petition of defendant, James Graney, to rescind the summary suspension of his driver's license. The State contends the trial court erred in finding that the State failed to provide a sufficient foundation for admission into evidence of certain exhibits necessary to prove compliance with the Department of Public Health (Department) standards regarding breathalyzer machines.

On November 30, 1990, a Wheaton police officer stopped defendant's vehicle because of an expired registration. Defendant was driving home from an office Christmas party, and his wife was a passenger in defendant's vehicle. According to the sworn report, defendant submitted to a breathalyzer test, which resulted in a blood-alcohol concentration (BAC) of .11%. The report also stated that the arresting officer believed defendant was under the influence of alcohol because defendant had a "strong odor of an alcoholic beverage upon [his] breath, [his] eyes were glassy and bloodshot, [he had] slurred speech, [was] staggering while walking, [and] swaying while standing." Defendant's license was therefore summarily suspended (see Ill. Rev. Stat. 1991, ch. 95½, pars. 11—501.1(d), (e)), and he was charged with driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1991, ch. 95½, pars. 11—501(a)(1), (a)(2)).

Defendant petitioned to rescind the summary suspension on the grounds that he was not arrested lawfully, the arresting officer did not have reasonable grounds to believe that he was driving under the influence of alcohol, and the results of the breathalyzer test did not indicate a BAC of .10% or more. See Ill. Rev. Stat. 1991, ch. 95½, pars. 2—118.1(b)(1), (b)(2), (b)(4).

In addition to defendant's own testimony and that of his wife regarding the Christmas party and the drive home, defendant called two of his colleagues to testify about his condition at the party. Defendant's evidence showed that defendant arrived at the party at 7:30 p.m. He drank one beer before dinner and one during dinner. After dinner, defendant had three beers, but he never finished any of those three. Defendant estimated that he actually drank the equivalent of 1½ beers after dinner. Defendant and his wife left the party around 10:30 p.m., and neither of them was intoxicated.

Defendant and his wife left Chicago in their 1991 Jeep Wrangler. They had traded in defendant's wife's Nissan Pulsar for the Jeep in September 1990 and transferred its license plates to the Jeep. However, they had trouble getting the registration for the license plates changed, so that the plates on the Jeep were expired as of September 1990.

On the way home, defendant's wife was hungry, so defendant drove to the Taco Bell on Butterfield Road in Wheaton. They ordered food through the drive-up window and pulled out onto westbound Butterfield Road. At the corner of Naperville Road and Butterfield Road, defendant stopped at the stoplight. After the light turned green, he proceeded through the intersection. Just then a police car activated its lights, and defendant pulled over.

The police officer asked to see defendant's driver's license, and defendant gave the officer a traffic citation in lieu of his license. The officer then instructed defendant to get out of the vehicle. Defendant had no problem getting out of the Jeep, and he did not stagger as he walked to the front of the police car. Defendant asked the officers what was the problem, and one of them asked defendant if he drove through the field by the gas station on Butterfield Road. Defendant denied that he had done so. The officer responded, " 'Your girlfriend told me you did.' " Defendant informed the officer that the woman in the Jeep was his wife and that he did not believe the officer had spoken with her. The officer then administered the horizontal gaze nystagmus test to defendant.

Next, the officer asked defendant to perform the heel-to-toe test on the fog line. Defendant did not lose his balance, stayed on the fog line, and walked every step, except one, heel to toe. After defendant completed the heel-to-toe test, the officers had him perform the one-legged stand test. Defendant requested to do it on the north side of the Jeep because it was windy. The officers refused his request and instructed defendant to perform the test behind the Jeep. Defendant stood on his right foot and put his left foot out in front of him. Defendant put his foot down several times because his right leg was one-quarter of an inch shorter than his left, which rendered it weaker and caused him problems with his lower back. Defendant successfully completed the finger-to-nose test. The officers arrested defendant for DUI.

At the Du Page County jail, while defendant was waiting to take the breathalyzer test, he demonstrated to the officers that he could not perform the one-legged stand test on his right foot, and he told them he could not do it because he had "a bad foot."

At the close of defendant's case, the State moved for a directed finding. The court denied the motion, finding that the evidence tended to show that defendant "was not impaired from alcohol."

The State's evidence showed that at approximately 11:25 p.m. an employee of the gas station reported that "a blue Nissan tractor-type of vehicle *** had just driven up over the grass." The employee informed the police that the license plate number of the vehicle was APN 629 and that the vehicle was headed westbound on Butterfield Road. Officer Westberg responded to the dispatch and headed to the intersection of Butterfield and Naperville roads. According to Officer Westberg, he observed "[t]he blue Nissan[, with the] APN plate" on "the vehicle[,] stopped at the stop-and-go light of westbound Butterfield at Naperville." Officer Westberg noticed that the license plate

was expired. Officer Westberg pulled over the vehicle. Upon approaching the driver's window, Officer Westberg observed that defendant's eyes were glassy and bloodshot and there was a strong odor of alcohol on defendant's breath. According to Officer Westberg, defendant staggered when he walked.

Officer Westberg further testified that he instructed defendant to take nine steps for the heel-to-toe test, but defendant took 11 steps, and only counted to 9, skipping the number 6. Officer Westberg asked defendant if he had any problems with his legs, to which defendant responded that he did not. After the finger-to-nose test, Officer Westberg arrested defendant because, in Officer Westberg's opinion, defendant was intoxicated. According to Officer Westberg, when defendant repeated the one-legged stand test while awaiting the breathalyzer test, defendant stated " 'I couldn't do this test if I was sober.' "

After Officer Westberg's testimony, the State again moved for a directed finding. The court denied the motion and determined that the State was required to go forward with evidence of the reliability of the breathalyzer results.

A Wheaton police officer administered the breathalyzer test to defendant at the Du Page County sheriff's office. During the testimony of the breathalyzer operator, defendant objected to the operator reading from the decal (which certified that the machine was tested) on the ground that the State failed to lay a proper foundation for the testimony. The court sustained the objection because the State had not admitted the decal into evidence. When the State moved to admit the decal, the logbook and the printout into evidence, defendant objected that the State failed to lay a proper foundation for the exhibits.

The court found that the evidence could be admitted as a business record if there was a sufficient foundation for the evidence. However, the court found that the State failed to lay the foundation for admission of the evidence because the State failed to show "the authority by which the logbook is kept, the basis upon which [the operator] concluded the information was accurate that was contained within the entries, and that the entries were made contemporaneously with the events that are actually being recorded and the basis upon which this individual acts, how he knows these things, why he should be considered as a records custodian, [and] who makes these entries." The court therefore sustained defendant's objection.

Following more testimony by the operator, the court modified its decision. Over defendant's objection, the court admitted the decal, the logbook, and the printout into evidence subject to cross-examination.

On cross-examination, the operator, who had been certified for one year, admitted that, when he administered the breathalyzer to defendant, the operator did not look through the manufacturer's operating instructions and the operator could not list the steps from memory, but would have to refer to the manual. In addition, the operator stated that the logbook was under the supervision and control of the Du Page County sheriff's office and was not under the operator's supervision and control. The operator also did not know who was the keeper of the record.

Defendant moved to strike the exhibits. The court found that the State failed to present a sufficient foundation for the decal because it did not show what was done, it only reflected that someone signed it, and the breathalyzer operator did not have personal knowledge of what was shown on the decal. The court further found that there was not an adequate foundation to admit the logbook as a business record because the operator did not know the general procedure or practice for the recording and storage of information contained in the logbook. In addition, the court noted that the operator could not testify as to who had access to the logbook and the exact conditions under which the entries were made. Finally, the court found that because the operator did not consult with the machine's operating manual and was not familiar with the order of the steps to administer the test, the State failed to prove that defendant's breath test was performed according to the procedure approved by the Department. The court therefore struck the decal, the logbook, and the printout.

After this ruling, the State rested. The court heard arguments from counsel and then stated the reasons for its ruling on the petition. The court found that the evidence was divided equally, so that its decision rested on the credibility of the witnesses. The court first determined that the officer had probable cause to stop defendant's vehicle based on the report of a vehicle driving over the field by the gas station. The court found the witnesses equally credible regarding defendant's impairment. However, because defendant did not inform the officer of his handicap prior to the one-legged stand test, the court concluded that the officer had reason to suspect that defendant was impaired by alcohol. Consequently, the court ruled against defendant on the probable cause issue.

The trial court ordered that the suspension of defendant's license be rescinded because the evidence did not show a BAC of .10% or more because the State failed to show that the breath test was accurate and was administered in compliance with the standards of the Department. The State timely appealed.

The State contends that the trial court erred in granting the petition to rescind by finding that the State failed to provide a sufficient foundation for the admission into evidence of the decal certifying the breathalyzer machine, the logbook, and the printout listing the result of defendant's breath test.

The summary suspension rescission hearing is a civil proceeding (Ill. Rev. Stat. 1991, ch. 95½, par. 2—118.1(b); *People v. Moore* (1990), 138 Ill. 2d 162, 167) in which the defendant bears the burden of proof (*People v. Orth* (1988), 124 Ill. 2d 326, 337-38). When the results of a breathalyzer test are challenged, the defendant must make out a *prima facie* case that the test results are not reliable; then the burden shifts to the State to rebut the *prima facie* case. (*People v. Bulman* (1991), 212 Ill. App. 3d 795, 801.) The trial court's findings in a rescission proceeding will not be disturbed on appeal unless they are manifestly erroneous. *Orth*, 124 Ill. 2d at 341.

The State maintains that it did not have the burden of proving the reliability and admissibility of the test results. The State relies on *People v. Davis* (1989), 180 Ill. App. 3d 749, and *People v. Gryczkowski* (1989), 183 Ill. App. 3d 1064. In *Gryczkowski*, the reviewing court affirmed the trial court's refusal to rescind the summary suspension of the defendant's driver's license on the basis that the State failed to prove the accuracy of the breathalyzer results after the defendant testified that he was not under the influence of alcohol. (*Gryczkowski*, 183 Ill. App. 3d at 1071.) The State argues that under *Gryczkowski*, for a defendant to make out a *prima facie* case, the defendant has to present evidence of the machine's malfunction or the operator's failure to follow procedures. Defendant responds that the State misconstrues the holding of *Gryczkowski* which, according to defendant, was not that the only way to present evidence that the breathalyzer result is inaccurate is by showing that the machine malfunctioned, lacked certification, or that the operator failed to follow the procedures.

We agree with defendant's interpretation of *Gryczkowski*. The court in *Gryczkowski* stated:

> "At the summary suspension hearing, defendant failed to introduce any evidence whatsoever that he was improperly tested. He also failed to introduce any evidence that the machine in question malfunctioned, *or that the results obtained were inaccurate*. Such evidence is indispensable for defendant to meet his burden in establishing a *prima facie* case for rescission." (Emphasis added.) (*Gryczkowski*, 183 Ill. App. 3d at 1070-71, citing *Davis*, 180 Ill. App. 3d at 752.)

(*Orth*, 124 Ill. 2d at 336-38.) A defendant may show that the results of a breathalyzer test were inaccurate or unreliable by presenting "credible testimony *** that he was not in fact under the influence of alcohol." *Orth*, 124 Ill. 2d at 341.

*Gryczkowski* is factually distinguishable because there the trial court did not make a credibility finding in favor of the defendant. The arresting officer testified that the defendant failed various field-sobriety tests (*Gryczkowski*, 183 Ill. App. 3d at 1066), while the defendant claimed to have performed the tests satisfactorily (183 Ill. App. 3d at 1067). The trial court ruled that the defendant had failed to sustain his burden of proof and denied the petition to rescind (183 Ill. App. 3d at 1068). On appeal, this court discussed the lack of evidence that the breathalyzer machine malfunctioned or the results were inaccurate in response to defendant's arguments. (183 Ill. App. 3d at 1070-71.) Because there was no credibility determination in the defendant's favor for him to rely on, his focus on appeal was whether the breathalyzer machine functioned properly. This was the only reasonable avenue the defendant could follow as a reviewing court will not disturb the trial court's credibility findings unless they are against the manifest weight of the evidence. See *Kalata v. Anheuser-Busch Cos.* (1991), 144 Ill. 2d 425, 433.

*Orth* teaches that a defendant may establish a *prima facie* case by testifying that he was not under the influence of alcohol and, thus, shift the burden to the State, *provided that the trial court believes the defendant's testimony*. Then the defendant need not present any evidence of his particular test until the State has come forward with evidence to show compliance with the Department's regulations. However, a defendant may, if he desires, present evidence that the breathalyzer test was improperly administered or the machine was malfunctioning as alternative or additional proofs in order to establish his *prima facie* case.

■ In its reply brief, the State argues for the first time on appeal that the trial court erred in finding that defendant established a *prima facie* case for rescission. This argument fails for two reasons. First, it is waived because the State did not raise this issue in its appellant's brief—a violation of Supreme Court Rule 341(e)(7) (134 Ill. 2d R. 341(e)(7)). Second, even if the State had raised this argument properly, the trial court found credible the testimony of defendant and his witnesses that defendant was not impaired by alcohol. When the trial court's factual findings were based on the credibility of the witnesses, we may not substitute our judgment for that of the trial court. (*Kalata*, 144 Ill. 2d at 433-34.) There was some credible evidence which

overcame the evidentiary hurdle to cast doubt on the accuracy of the test; thus, the trial court properly found that defendant had established a *prima facie* case.

■ Since the trial court found that defendant established a *prima facie* case for rescission, the burden shifted to the State to come forward with evidence of the reliability of the breath test result. The court prevented the State from introducing into evidence the necessary documents because it determined that the State failed to provide a sufficient foundation for their admissibility.

The State argues that *People v. Caruso* (1990), 201 Ill. App. 3d 930, is dispositive of this appeal. In *Caruso*, this court held that the State does not need to prove compliance with every regulation regarding breath-alcohol tests. (*Caruso*, 201 Ill. App. 3d at 938-39.) The State asserts that under *Caruso* the court's ruling here was erroneous. However, the State's reliance on *Caruso* is misplaced. The prosecution in *Caruso* was able to prove compliance because the logbook and the decal were admitted into evidence. (201 Ill. App. 3d at 940-42.) Here, the admissibility of the logbook and the decal, as well as the test result itself, is the issue. The State here was unable to prove compliance with any of the regulations because it was unable to lay a proper foundation for admission of the exhibits into evidence.

The State has "the initial and ultimate burden of establishing a proper foundation for admission of the breath test results." (*People v. Boshears* (1992), 228 Ill. App. 3d 677, 685.) In a rescission hearing, the results of a breathalyzer test will not be admitted into evidence if the State fails to prove compliance with the Department's standards once the burden has shifted to the State. (*People v. Miller* (1991), 219 Ill. App. 3d 246, 248-49; *People v. Zator* (1991), 209 Ill. App. 3d 322, 327.) If the trial court finds that the State failed to prove compliance with the Department's regulations, the test results are presumed to be invalid and inadmissible. *People v. Hamilton* (1987), 118 Ill. 2d 153, 160; *Miller*, 219 Ill. App. 3d at 251.

The rules of criminal procedure do not apply to a rescission hearing. (*Moore*, 138 Ill. 2d at 169.) Rather, the proceeding is governed by the rules of civil procedure. (*People v. Teller* (1991), 207 Ill. App. 3d 346, 350.) Thus, the Department's standards are not the only requirements for the admissibility of breath tests into evidence: the ordinary rules for the admissibility of evidence also apply. (See *People v. Keith* (1992), 148 Ill. 2d 32, 42.) "Basic rules of evidence require that a party must lay the foundations for the introduction of a document into evidence." (*Gardner v. Navistar International Transportation Corp.* (1991), 213 Ill. App. 3d 242, 247.) "Preliminary questions of

fact concerning the admissibility or competency of evidence are generally matters decided by the trial court." *Hengels v. Gilski* (1984), 127 Ill. App. 3d 894, 914.

When a document is offered to prove the truth of the matters asserted therein, it is hearsay, even if the document is a public record. (*Williamson v. City of Springfield* (1984), 125 Ill. App. 3d 361, 366.) The trial court found that the documents at issue did not qualify as public records because they involved the exercise of judgment and concerned causes and effects. However, even if the court erred in finding that the documents did not qualify as public records, that finding is immaterial because the reason the court refused to admit the exhibits was that the State did not provide an adequate foundation for them. If a document is admissible pursuant to an exception to the hearsay rule, the proponent must still lay an adequate foundation for its admission into evidence. (*Riley v. Jones Brothers Construction Co.* (1990), 198 Ill. App. 3d 822, 829.) "If the source of information or the method or circumstances of preparation [of the public record] indicate lack of trustworthiness, the court may bar admissibility" of the document. M. Graham, Cleary & Graham's Handbook of Illinois Evidence §803.12, at 663 (5th ed. 1990).

The trial court believed that the documents could be admitted under the business records exception to the hearsay rule (134 Ill. 2d R. 236(a)). To be admissible pursuant to this exception, the document must have been made in the regular course of business, concurrently with the transaction or within a reasonable time of it. (134 Ill. 2d R. 236(a).) The trial court found that the State failed to show that the decal was admissible pursuant to the business records exception to the hearsay rule because the witness/operator lacked personal knowledge of the recording of the information; the foundation for the logbook was insufficient because the witness/operator was not the custodian of it, he did not know who had access to the logbook or whether the entries in the logbook were made contemporaneously with the tests. Finally, the foundation for the printout was insufficient because the witness/operator did not comply with the Department's procedures when he administered the test to defendant.

We need not determine whether the decal, the logbook, and the printout were public records or business records because, in either event, the trial court found the State failed to present a sufficient foundation for them. Curiously, the State has not argued that it provided a sufficient foundation for the admission of the disputed documents into evidence. We will not disturb evidentiary rulings absent an abuse of the trial court's discretion. (*Jackson v. Pellerano* (1991), 210

Ill. App. 3d 464, 471.) A trial court abuses its discretion only when its decision is "such that no reasonable person could take the view adopted by the trial court." (*Mizell v. Passo* (1992), 147 Ill. 2d 420, 425-26.) The trial court listed the deficiencies in the State's proof, and we find those factors were a reasonable basis to deny admission of the evidence.

Moreover, even if the decal were admissible, we agree with the trial court that the State failed to present evidence that the witness/operator complied with the Department's regulations, a prerequisite for the admission of the logbook and the printout (see Ill. Rev. Stat. 1991, ch. 95½, par. 11—501.2(a)(1)). The witness/operator testified that he did not look at the manufacturer's manual when he administered the test to defendant, yet the witness/operator did not know the sequence of the steps for the operation of the machine. Without evidence that the witness/operator administered the test properly, "the State cannot lay the proper foundation for the admission of the breath test results." (*Keith*, 148 Ill. 2d at 43.) The purpose of requiring compliance with the Department's standards is "that these machines are not foolproof, and require not only the correct use to obtain an accurate result, but also a knowledgeable operator to observe the test." (*Keith*, 148 Ill. 2d at 44.) If the witness/operator here did not know the sequence of the steps to administer the test and did not look at the operations manual when he administered the test to defendant, the results of the test are questionable. We conclude that the trial court properly refused to admit the logbook and the printout of the test results into evidence, and therefore we affirm the rescission based on the inaccuracy of those results.

The order of the circuit court of Du Page County is affirmed.

Affirmed.

INGLIS, P.J., and DUNN, J., concur.