THE VILLAGE° OF BLOOMINGDALE, Plaintiff-Appellee, v. JAY R. MELINE, Defendant-Appellant.

Second District   No. 2—99—0215

Opinion filed December 28, 1999.—Rehearing denied January 24, 2000.

Donald J. Ramsell and Daniel R. Collins, both of Ramsell & Armamentos, of Wheaton, for appellant.

Thomas F. Howard, Jr., of Bloomingdale, for appellee Village of Bloomingdale.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RAPP delivered the opinion of the court:

Defendant, Jay R. Meline, appeals from the trial court's order denying his petition to rescind the statutory summary suspension of his driver's license. Defendant was arrested for driving under the influence of alcohol on December 5, 1998. His license was suspended following a breathalyzer test that revealed a blood-alcohol concentration of 0.15. See 625 ILCS 5/11—501.1, 501.2 (West 1998). On appeal, defendant argues that the trial court's decision to deny his petition

was against the manifest weight of the evidence. See *People v. Orth*, 124 Ill. 2d 326, 341 (1988); *People v. Fortney*, 297 Ill. App. 3d 79, 88 (1998). We affirm.

■ In a rescission hearing, the defendant bears the burden of proof, and when he challenges the breathalyzer test result, the defendant must make out a *prima facie* case that the test is unreliable. If he does so, then the burden shifts to the State to rebut the *prima facie* case. *People v. Graney*, 234 Ill. App. 3d 497, 503 (1992). In order to make out a *prima facie* case, a defendant may present evidence that the breathalyzer test was improperly administered or that there was a failure to comply with the regulations and procedures of the Department of Public Health (Department). *People v. Hamilton*, 118 Ill. 2d 153, 161 (1987); *People v. Miller*, 219 Ill. App. 3d 246, 250-51 (1991). Absent compliance, the test result will be deemed invalid and inadmissible. *Hamilton*, 118 Ill. 2d at 160. Once the defendant presents evidence of noncompliance with the regulations or procedures, he does not have to prove that the test result was in fact affected; rather, the State must produce rebuttal evidence showing that the test was reliable. *Graney*, 234 Ill. App. 3d at 504-05; *Miller*, 219 Ill. App. 3d at 251.

Here, the question is whether the defendant made out a *prima facie* case that the test was not performed according to an operational procedure approved by the Department based on the manufacturer's recommended testing procedure. 77 Ill. Adm. Code § 510.60 (1996). The "Intoximeter 3000 Operator's Manual" states that the "testing room should be free of radio transmitting equipment, including walkie-talkies, and of sources of organic fumes." The officer testified that, while testing defendant on the machine, the officer was in the room and had a walkie-talkie on his person, but the walkie-talkie was turned off.

Defendant argues here, as below, that there was radio transmitting equipment in the room and that the operating procedure was not strictly followed. He contends that the test result is unreliable and inadmissible and that rescission should have been granted. The trial court stated that, in construing the meaning of the procedure, it was applying common sense and would not find that there was a violation of the procedure since the equipment was turned off. The court found nothing to show that the breath test was inaccurate.

■ The same rules used in the construction of statutes apply when construing regulations promulgated by an administrative agency. *People v. Kilpatrick*, 216 Ill. App. 3d 875, 881 (1991). Common sense must play a role in the construction of statutes (*People v. Burpo*, 164 Ill. 2d 261, 267 (1995)); this principle applies to the construction of agency regulations. Regulations must be reasonably construed in light

of their purpose and in accordance with their practical application, and they must not be construed so as to render the operation of the law difficult; a court is not bound by a literal reading of the provision where such a reading was clearly not intended. *Balmes v. Hiab-Foco, A.B.*, 105 Ill. App. 3d 572, 574-75 (1982).

We agree with the commonsense, practical interpretation of the procedure given by the trial court. The procedure was intended to avoid the contamination of the test results by radio transmissions. When the equipment is "off" and is not operating, it is reasonable to infer that the equipment is not "transmitting" anything. The court implicitly found that defendant did not make out a *prima facie* case of noncompliance with the regulation or procedure. Thus, the State did not need to produce rebuttal evidence. We cannot say that the trial court's decision was against the manifest weight of the evidence.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McLAREN and THOMAS, JJ., concur.