THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GREG D. HALL, Defendant-Appellant.

Fourth District   No. 4—99—0582

Argued April 26, 2000.—Opinion filed June 28, 2000.

Eric P. Hanson (argued), of Mahoney, Silverman & Cross, Ltd., of Joliet, for appellant.

Thomas J. Brown, State's Attorney, of Pontiac (Norbert J. Goetten, Robert J. Biderman, and Denise M. Ambrose (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE MYERSCOUGH delivered the opinion of the court:

In May 1998, defendant Greg D. Hall was cited for two overweight trucking violations, overweight on registration (625 ILCS 5/3—401(d) (West 1998)) and overweight on axle load (625 ILCS 5/15—111(a) (West 1998)). In March 1999, defendant filed a motion *in limine*. In April 1999, the trial court denied defendant's motion. That same month, during the jury trial, the trial court reaffirmed its denial of defendant's motion *in limine*. Following the trial, the jury found defendant guilty of both violations and the court ordered defendant's bond, totaling approximately $4,200, to stand as fines and costs. De-

fendant filed a motion to reconsider the court's denial of his motion *in limine*, which the court denied.

Defendant appeals the court's denial of his motion *in limine*, arguing that (1) the regulations promulgated by the Director of the Illinois Department of Agriculture (Department) relating to the testing and certification of law enforcement scales are unconstitutional, and (2) the evidence of the weight readings from police scale No. 270 was inadmissible because the scales were not properly tested and certified for use in the field. We affirm.

## I. BACKGROUND

In May 1998, defendant was driving a 1990 Mack three-axle garbage truck on Illinois Route 23 in Livingston County. Illinois State trooper Vern Owens conducted a traffic stop on defendant's vehicle. Trooper Owens weighed defendant's vehicle using a portable axle load weigher, police scale No. 270. Trooper Owens determined that defendant's truck was overweight and issued defendant two citations, one for overweight on registration, 9,300 pounds in excess (625 ILCS 5/3—401(d) (West 1998)), and the other for overweight on axle load, 15,200 pounds in excess (625 ILCS 5/15—111(a) (West 1998)).

In March 1999, defendant filed a motion *in limine* to exclude any evidence of the weight results of scale No. 270. In 1994, the Department amended the Illinois Administrative Code (Administrative Code) to exempt law enforcement vehicle scales from the application and testing requirements of National Institute of Standards and Technology Handbook 44 (Handbook 44), which sets forth the specifications, tolerances, and regulations for commercial weighing and measuring devices in Illinois, and to adopt a regulatory section pertaining to such scales. 8 Ill. Adm. Code §§ 600.300, 600.320, at 1676 (1992-93) (as amended and added, respectively, by 18 Ill. Reg. 14692 (effective September 13, 1994)). Defendant argued both that (1) these amendments are unconstitutional because the amendments resulted from the Department's unauthorized exercise of legislative power, and (2) the Department applies the amendments arbitrarily. In the alternative, defendant argued that the Department applies these rules and regulations arbitrarily. In addition, defendant argued that the weight tickets were inadmissible because scale No. 270 was not properly tested and certified for use according to the standards set out in Handbook 44 and, as such, the results are invalid and inadmissible. The trial court heard arguments on the constitutional issues only, reserving ruling on the admissibility of the weight tickets for trial. The trial court denied defendant's motion *in limine* on the constitutional issues.

The following day, the day of trial, the court noted that defendant's motion *in limine* only raised one constitutional issue, the unauthorized exercise of legislative power by the Department. While arguing the motion, though, defense counsel raised an additional constitutional issue, namely, that the agency's rules and regulations arbitrarily treat different groups differently, applying one standard for commercial weighing and another standard for law enforcement weighing. As a result, the trial court informed counsel that it would allow counsel time at the end of the trial to present additional evidence and argument other than that which was stipulated and presented at the hearing on the motion *in limine*.

At trial, after the testimony of the State's expert, Sidney A. Colbrook, and Illinois State trooper Vern Owens, the person who weighed defendant's vehicle, the State attempted to admit into evidence as an exhibit the weight tickets, the remaining issue raised in defendant's motion *in limine*. The trial court heard argument from the parties regarding the admissibility of the weight tickets. In sum, defendant argued that scale No. 270 was not tested in accordance with Handbook 44 and, as a result, insufficient evidence of accuracy was presented to permit the admission of the weight tickets. Relying on *People v. Kautz*, 272 Ill. App. 3d 444, 651 N.E.2d 772 (1995), as well as the testimony of Colbrook and Owens, the trial court determined that the evidence was sufficient to find the weight tickets reliable and accurate. The court admitted the weight tickets into evidence, and the trial continued.

The evidence was undisputed that scale No. 270 was not tested in accordance with the standards set out in Handbook 44. The scale was, however, tested in accordance with the rules and regulations promulgated by the Department. After both parties rested, but before closing arguments, the trial court asked if defense counsel had additional evidence on the constitutional arguments raised in defendant's motion. Defense counsel presented no additional evidence. The trial court affirmed its earlier ruling, denying defendant's motion *in limine*. The jury found defendant guilty of overweight on registration (625 ILCS 5/3—401(d) (West 1998)) and overweight on axle load (625 ILCS 5/15—111(a) (West 1998)). Defendant filed a motion to reconsider the trial court's order denying its motion *in limine* and a memorandum in support thereof. The record contains no response by the State. Defendant's motion was set and heard June 11, 1999. No transcript of the proceeding is in the record; however, the docket entry shows that the trial court denied defendant's motion to reconsider. The trial court ordered defendant's bond, approximately $4,200, to stand as fines and costs. Defendant appealed.

## II. ANALYSIS

Defendant argues that the trial court erred in denying defendant's motion *in limine*, thereby allowing the State to introduce evidence of the weight readings from scale No. 270. In support of defendant's argument, defendant contends that the Department's rules and regulations at issue are unconstitutional because (1) the Department acted beyond its scope of authority when it amended the regulations relating to the testing and certification of law enforcement scales, and (2) by exempting the law enforcement vehicle scales from the rigorous testing standards of Handbook 44, requiring the use of one standard for commercial scales and another standard for law enforcement scales, the Department applies these rules and regulations arbitrarily. Defendant alternatively argues that because scale No. 270 was not tested and certified in accordance with the standards set out in Handbook 44 for use in the field, any weight results from the scale relating to defendant in the present case are invalid and inadmissible.

### A. Standing

■ The State contends that defendant lacks standing to challenge the regulations at issue because defendant presented no expert evidence to show that the different standards for certification of commercial scales and law enforcement scales could produce gross inaccuracies, thereby resulting in injury to defendant.

We note that the State argues the issue of standing for the first time in its appellate brief. The general rule prevails that a defense not raised in the trial court is forfeited and may not be raised for the first time in the reviewing court. *Jensen Disposal Co. v. Town of Warren*, 218 Ill. App. 3d 483, 486, 578 N.E.2d 605, 607 (1991), citing *Kravis v. Smith Marine, Inc.*, 60 Ill. 2d 141, 147, 324 N.E.2d 417, 420 (1975). Therefore, we conclude that the State has forfeited this issue. Even if we were to address this issue, we would conclude the record shows insufficient evidence that defendant was affected by the different standards for commercial scales and scales used by law enforcement.

### B. Standard of Review When Reviewing Administrative Rules and Regulations

■ A reviewing court must accord substantial discretion to an administrative agency in the construction of its own rules, and it is the function of the court to determine, as a matter of law, whether the agency acted within and according to the statute creating it. *Aurora East Public School District No. 131 v. Cronin*, 92 Ill. App. 3d 1010, 1015, 415 N.E.2d 1372, 1376 (1981). If an agency promulgates rules beyond the scope of the legislative grant of authority, the rules are invalid. *Aurora*, 92 Ill. App. 3d at 1014, 415 N.E.2d at 1376. When

reviewing administrative rules and regulations, a reviewing court will not set the rules aside unless they are clearly arbitrary, unreasonable, or capricious. *Aurora*, 92 Ill. App. 3d at 1014, 415 N.E.2d at 1376. Therefore, this court must examine the provisions of the rules at issue to determine whether the Department exceeded its statutory authority when it promulgated the rules, or whether the rules are otherwise arbitrary, unreasonable, or capricious.

### C. Scope of Authority

Defendant initially argues that the purpose of the Weights and Measures Act (Act) (225 ILCS 470/8 (West 1998)) is to prevent the perpetration of fraud upon the public through false weights and measurements. The Department's purpose in amending the regulations, however, was to assist law enforcement agencies in the prosecution of overweight trucks by reducing the testing and certification standards for law enforcement scales. Consequently, defendant contends that (1) the Department's regulations relating to the testing and certification of law enforcement vehicle scales go beyond the harm sought to be prevented by the legislature; as a result, (2) the Department exceeded its scope of legislated authority when it amended the regulations in question, which renders the regulations unconstitutional. We disagree.

■ The power to make laws is vested in the legislature, and that power cannot be delegated to another body, authority, or person. *R.L. Polk & Co. v. Ryan*, 296 Ill. App. 3d 132, 140, 694 N.E.2d 1027, 1033 (1998). The legislature may not delegate its general legislative power but it may, however, "delegate the authority to do those things it might properly do, but cannot do as understandably or advantageously," provided that the authority granted is delineated by intelligible standards. *R.L. Polk*, 296 Ill. App. 3d at 140, 694 N.E.2d at 1033. As a result, an administrative agency has only such authority as is conferred by express provision of law or is found, by fair implication and intendment, to be incident to and included in the authority expressly conferred for the purpose of carrying out and accomplishing the objectives for which the agency was created. *Aurora*, 92 Ill. App. 3d at 1014, 415 N.E.2d at 1375-76. An administrative officer granted a power or duty pursuant to statute, however, has the power to do all that is reasonably necessary to execute that power or duty, including reasonable discretion as to the manner of executing the law. *Lake County Board of Review v. Property Tax Appeal Board*, 119 Ill. 2d 419, 427, 519 N.E.2d 459, 463 (1988).

The Civil Administrative Code of Illinois at section 40 (20 ILCS 205/40 *et seq.* (West 1998)) governs the Department. Specifically, pur-

suant to section 40, the Department "has the powers enumerated in [s]ections 40.1 through 40.45 [of the Civil Administrative Code]." 20 ILCS 205/40 (West 1998). Section 40.18 of the Civil Administrative Code pertaining to weights and measures gives the Department the power to "execute and administer *all laws and regulations,* now or hereafter enacted, *relating to weights and measures.*" (Emphasis added.) 20 ILCS 205/40.18 (West 1998).

In addition, the legislature has given rulemaking power to the Department pursuant to section 8 of the Act, which provides, in relevant part:

> *"The [D]irector shall from time to time issue reasonable regulations for enforcement of this Act that shall have the force and effect of law.* In determining these regulations, he shall appoint, consult with, and be advised by committees representative of industries to be affected by the regulations. \*\*\* These regulations shall include specifications, tolerances, and regulations for weights and measures, of the character of those specified in [s]ection 10 of this Act, designed to eliminate from use \*\*\* such weights and measures as are (1) inaccurate, (2) of faulty construction (that is, not reasonably permanent in their adjustment or not capable of correct repetition of their indications), or (3) conducive to the perpetration of fraud. Specifications, tolerances, and regulations for commercial weighing and measuring devices recommended by the National Institute of Standards and Technology [NIST] and published in [Handbook 44] and supplements thereto[,] or in any publication revising or superseding Handbook 44, shall be the specifications, tolerances, and regulations for commercial weighing and measuring devices of this State, *except insofar as specifically modified, amended, or rejected by a regulation issued by the Director.*" (Emphasis added.) 225 ILCS 470/8 (West 1998).

By Public Act 88—476 (Pub. Act 88—476, § 2, eff. July 1, 1994 (1993 Ill. Laws 3987, 3999)), the legislature amended section 15—112 of the Illinois Vehicle Code (625 ILCS 5/15—112 (West 1998)) to exempt law enforcement from the above-noted commercial requirements. Section 15—112(a) was amended, in part, to close with the following sentence: *"Law enforcement is exempt from the requirements of commercial weighing established in NIST [H]andbook 44."* (Emphasis added.) 625 ILCS 5/15—112(a) (West 1998).

Subsequently, pursuant to authority granted it by section 8 of the Act, the Department amended section 600.300 of Title 8 of the Administrative Code to exempt law enforcement vehicle scales from the requirements of Handbook 44. Pursuant to this amendment, section 600.300 of Title 8 states, in relevant part:

> (a) *"Except for scales used for the enforcement of highway weight*

*laws*, all vehicle scales shall comply with the requirement[s] of [Handbook 44], which is adopted in [s]ection 8 of the [Act] ***." (Emphasis added.) 8 Ill. Adm. Code § 600.300 (1996) (as amended by 18 Ill. Reg. 14692, 14697 (effective September 13, 1994)).

At the same time, the Department added new provisions to the Administrative Code, section 600.320 of Title 8, which set forth procedures to determine the certification of law enforcement scales. Section 600.320 of Title 8 reads, in relevant part:

*"The following procedures will be used to determine the certification of scales used for the enforcement of highway weight laws.* These procedures will determine if a scale(s) is to be certified or condemned. *These rules supersede those published in [Handbook 44]."* (Emphasis added.) 8 Ill. Adm. Code § 600.320 (1996) (as added by 18 Ill. Reg. 14692, 14698 (effective September 13, 1994)).

The summary and purpose of these two amendments, as found in the notice of adopted amendments in the Illinois Register, are to "insure the safety of highways to the motoring public and minimize[ ] the damage to highways and bridges from vehicles which are illegally overweight." 18 Ill. Reg. 14692. Defendant argues, though, that the purpose of the Act is to protect the public from false weights and measures by compelling the use of approved standards, specifically those in Handbook 44. Therefore, in promulgating the amendment to section 600.300 and adding section 600.320 of Title 8 of the Administrative Code, with a purpose different from the purpose of the Act, the Department exceeded its scope of authority. We disagree.

" '[A]dministrative [o]fficers may validly exercise discretion to accomplish in detail what is legislatively authorized in general terms.' " *R.L. Polk*, 296 Ill. App. 3d at 140-41, 694 N.E.2d at 1033, quoting *Lake County Board of Review*, 119 Ill. 2d at 428, 519 N.E.2d at 463. The legislature gave the Department the authority to "execute and administer all laws and regulations *** relating to weights and measures." 20 ILCS 205/40.18 (West 1998). The legislature also gave the Department the authority to "modif[y], amend[ ], or reject[ ] by a regulation" the specifications, tolerances, and regulations in Handbook 44. 225 ILCS 470/8 (West 1998).

The trial court found that the Department did not exceed its authority, stating:

"The [Department] is granted authority to do this [(promulgate the rules and regulations in question)]; and under the regulations of [s]ection 8 here [(225 ILCS 470/8 (West 1998))], it can promulgate such regulations as it reasonably deems necessary.

And the legislation again in [s]ection 8 specifically points out *** the [Department] has authority to modify, amend, or reject any of these regulations in Handbook 44.

Plus again [under section 15—112(a) (625 ILCS 5/15—112(a) (West 1998)),] \*\*\* law enforcement is exempt from the requirements of commercial weighing \*\*\*. So legislatively all of the requirements in [H]andbook 44 need [not] be complied with."

■ We agree. The rules and regulations at issue are in accord with the statutory authority vested in the Department and the intent of the legislature. See 625 ILCS 5/15—112(a) (West 1998) (where the legislature amended that section to exempt law enforcement from the requirements of commercial weighing established in Handbook 44). These regulations do share the aim of the Act. The summary and purpose of the regulations speak of ensuring the safety of highways and minimizing damage to highways and bridges. These regulations concern monitoring weights and measures and provide requirements for the testing and certification of scales used by law enforcement, thereby protecting the public from false weights and measures and promoting safety and, as such, adequately relating to the purpose of the Act. See *Alexander v. Director, Department of Agriculture*, 111 Ill. App. 3d 927, 931, 444 N.E.2d 811, 814 (1983) (the entire Act has been enacted " 'to protect the public from false weights and measurements by compelling the use of the approved standards' "), quoting *Chicago v. Kautz*, 313 Ill. 196, 200, 144 N.E. 805, 806 (1924). Additionally, the regulations are not arbitrary, unreasonable, or capricious and, therefore, are valid.

### D. Arbitrary Application of the Rules and Regulations

■ Defendant also argues that the regulations at issue amount to an unconstitutional exercise of discretion by the Department, as the rules and regulations are applied arbitrarily. Specifically, defendant asserts that by exempting the law enforcement vehicle scales from the rigorous testing standards of Handbook 44, where one standard is applied to commercial scales and another standard is applied to law enforcement scales, the Department unconstitutionally applies its rules and regulations arbitrarily. We disagree.

We recognize that the legislature, in delegating to an administrative agency the performance of certain functions, may not invest that agency with arbitrary powers. *People v. Tibbitts,* 56 Ill. 2d 56, 59, 305 N.E.2d 152, 155 (1973), citing *Department of Public Works & Buildings v. Lanter*, 413 Ill. 581, 587, 110 N.E.2d 179, 182-83 (1953). Moreover, it is an unlawful delegation of legislative power for a statute to give an administrative officer the opportunity to apply the law to one and not apply the law to another in like circumstances. *Tibbitts*, 56 Ill. 2d at 59, 305 N.E.2d at 155.

In the present case the legislature, as well as the Department, promulgated statutes, rules, and regulations exempting law enforce-

ment and all scales used for the enforcement of highway weight laws from the requirements of commercial weighing established in Handbook 44. See 625 ILCS 5/15—112(a) (West 1998); 8 Ill. Adm. Code §§ 600.300, 600.320, at 1676 (1992-93) (as amended and added, respectively, by 18 Ill. Reg. 14692 (effective September 13, 1994)). Relying on Colbrook's testimony in *Kautz*, 272 Ill. App. 3d at 448, 651 N.E.2d at 774 (many of the tests set out in Handbook 44 are both inappropriate and useless for law enforcement scales), and the stipulated facts in the case at hand, the trial court concluded that it was not unconstitutional for the Department to set out separate standards for commercial scales and law enforcement scales. We agree.

Moreover, we find defendant presented no evidence that the rules and regulations were being arbitrarily applied. All scales used by law enforcement for the enforcement of highway weight laws are to be certified according to section 600.320 of Title 8 of the Administrative Code. All other scales used in commercial weighing shall comply with the standards of Handbook 44. Nothing in the record indicates that some law enforcement scales are being certified according to section 600.320 and some in accordance with Handbook 44. Therefore, we do not have a situation where the regulations at issue are applied to one (law enforcement scale) and not to another (law enforcement scale) in like circumstances. *Tibbitts*, 56 Ill. 2d at 59, 305 N.E.2d at 155. We conclude, as did the trial court, that the Department is not arbitrarily imposing its rules and regulations.

### E. Admissibility of Weight Results

Last, defendant argues that because scale No. 270 was not tested and certified in accordance with the standards set out in Handbook 44 for use in the field, any weight results from the scale relating to him in the present case are inadmissible. We disagree.

■ As a general rule, evidentiary motions, such as motions *in limine*, are directed to the trial court's discretion, and reviewing courts consider such evidentiary rulings to determine whether an abuse of discretion occurred. *People v. Drum*, 307 Ill. App. 3d 743, 748, 718 N.E.2d 302, 306-07 (1999). Applying the appropriate standard, we consider defendant's final argument.

■ Generally, a document that is offered for the truth of the matter asserted is considered hearsay, and therefore inadmissible, unless an exception applies. *Kautz*, 272 Ill. App. 3d at 449, 651 N.E.2d at 775, citing *People v. Graney*, 234 Ill. App. 3d 497, 506, 599 N.E.2d 574, 581 (1992). If the document is a public record " 'maintained by public officials or employees in connection with the performance of their [official] duties,' " however, it may be admitted as an exception to the

hearsay rule. *Kautz*, 272 Ill. App. 3d at 449-50, 651 N.E.2d at 775, quoting *Barker v. Eagle Food Centers, Inc.*, 261 Ill. App. 3d 1068, 1074, 634 N.E.2d 1276, 1280 (1994). As with all evidence, "the proponent of a public record must lay an adequate foundation. [Citation.] To lay an adequate foundation, the proponent must establish that the public document is reliable and accurate." *Kautz*, 272 Ill. App. 3d at 450, 651 N.E.2d at 775, citing *Graney*, 234 Ill. App. 3d at 506, 599 N.E.2d at 581. If the proponent is unsuccessful in establishing that the evidence is reliable and accurate, the trial court may refuse to admit it. *Kautz*, 272 Ill. App. 3d at 450, 651 N.E.2d at 775, citing *People v. Smith*, 141 Ill. 2d 40, 73-76, 565 N.E.2d 900, 914-16 (1990). If the method of preparation or the source of information of the public record indicates lack of trustworthiness, the court may bar admissibility. *Kautz*, 272 Ill. App. 3d at 450, 651 N.E.2d at 775, citing *Graney*, 234 Ill. App. 3d at 506, 599 N.E.2d at 581.

In *Kautz*, the trial court determined that the State failed to lay a proper foundation to have the weight ticket admitted. *Kautz*, 272 Ill. App. 3d at 450-51, 651 N.E.2d at 775-76. In that case, the trial court heard testimony regarding the tests required in Handbook 44 and testimony that the scale at issue was not tested in accordance with Handbook 44. In fact, only one test was performed, the increasing weight test, and the scale was not retested after it was moved to the site where the vehicles in question were weighed. The State's expert, Sidney Colbrook, testified that many of the tests required by Handbook 44 were type evaluation tests, not field tests, and as such were not necessary. Colbrook acknowledged that many factors could affect the accuracy of the portable scales. The trial court found that the State failed to establish the accuracy of the scale in question and granted defendants' motion to suppress the weight tickets. *Kautz*, 272 Ill. App. 3d at 448-49, 651 N.E.2d at 774-75. The appellate court concluded ample evidence supported defendants' contention that the weight tickets taken from the scale in question were not trustworthy. *Kautz*, 272 Ill. App. 3d at 451, 651 N.E.2d at 776.

■ In contrast, in the present case, the record shows that the State laid the proper foundation for the admissibility of the weight results. Colbrook testified that, as part of his duties with the Department of Agriculture, he is familiar with the requirements for testing law enforcement scales. Colbrook was given copies of the testing reports for scale No. 270. Colbrook testified that the scale reports indicated that all the required tests were performed and met on scale No. 270. Colbrook admitted, though, that several tests in Handbook 44 were not performed on scale No. 270. He explained the differences between law enforcement scales and commercial portable scales. In

addition, he testified that while the tolerances for commercially used scales are tighter and more stringent than for law enforcement scales, that does not mean the tests are less stringent. The tests performed on law enforcement scales are very stringent, but the tests are different from those performed on commercial scales. He testified that the report indicates the scale was within the acceptable range of maintenance tolerance. Colbrook's testimony indicates that some of the tests performed were a buildup test, a repeatability test, and tests for radio frequency interference and electromagnetic interference.

From the record, we conclude that the trial court correctly found that the State laid a proper foundation for the admission of the weight tickets from scale No. 270. Unlike the circumstances found in *Kautz*, 272 Ill. App. 3d at 450, 651 N.E.2d at 775-76, here more than one test was performed on scale No. 270, and the scale was retested by Officer Owens after it was set up at the designated weighing location on the day in question. We conclude, therefore, that the trial court did not abuse its discretion in admitting the weight tickets into evidence.

## III. CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion when it denied defendant's motion *in limine*, and we affirm the judgment of the trial court.

Affirmed.

GARMAN and KNECHT, JJ., concur.