THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDWARD DAVIS, Defendant-Appellant.

First District (1st Division)   No. 1—99—4385

Opinion filed May 21, 2001.

Rita A. Fry, Public Defender, of Chicago (Karen M. Florek, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Jon J. Walters, and Shital H. Thakkar, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

Following a bench trial, the court found defendant, Edward Davis, guilty of retail theft of property worth more than $10,000, in violation

of sections 16—1(a)(1) and 16—1(b)(5) of the Criminal Code of 1961 (720 ILCS 5/16—1(a)(1), (b)(5) (West 1998)). On appeal, defendant contends that the court erred by admitting into evidence, without proper foundation, a document purportedly showing the retail prices of the items taken. We agree and accordingly we reverse the conviction.

On January 22, 1999, two men and one woman came up to the jewelry counter in a large store. The woman asked to see an engagement ring. Maria King, who worked at the jewelry counter, took the ring out of the locked display case and showed it to her. After looking at it for a while, the woman moved along the counter, talking to King and one of the men.

The other man put his jacket over the counter. He reached over the counter, took a small tray from the display case and slid it under his jacket. When King turned and asked what he put under his jacket, the woman and both men ran out of the store. They dropped the rings from the small tray in the parking lot after a dye pack exploded, splashing the rings with red dye. The three drove away. A video camera in the store recorded blurry pictures of the incident.

Six days later defendant came to the store. A security officer who had seen the videotape spoke with another employee, and they decided to contact police. Police came to the store and took defendant into custody. In a lineup at the police station, King identified defendant as the man who took the small tray from the display case.

At trial King and another eyewitness identified defendant as the thief. King identified the three rings security personnel retrieved from the parking lot. Each ring bore a tag with a catalogue number.

To prove the value of the rings, the prosecutor showed King a document printed at the store on the day of trial. The document listed only three catalogue numbers. King identified it only as "the document that tells the amount." She explained that the catalogue numbers identified the rings, and the document showed a price for each catalogue number listed. She could tell the price of each ring from the document. Over defendant's foundation objection, King read into the record the three prices shown on the document: $6,999, $2,999, and $3,499. The document included many further lines of data regarding the three catalogue numbers, but no one asked King about those lines.

At the close of the testimony the prosecutor sought to have the document admitted into evidence. Defendant renewed his objection based on the lack of foundation. The judge sustained the objection but permitted the prosecutor to reopen. We recount the subsequent foundation testimony in its entirety.

"[Q. D]o you recognize this document?

A. Yes.

Q. And what do you recognize it to be?

A. It is a document of the prices of the rings.

Q. And is this document produced in the ordinary course of business?

A. Yes.

Q. And you would produce this in order to find the price of items that were offered for sale in the store?

A. Yes."

Defense counsel then cross-examined King:

"Q. Did you produce this document?

A. No.

Q. Do you know who produced it?

A. I don't remember who did it.

Q. How often is this document produced?

A. Like every hour.

Q. Every hour?

A. Uh-huh.

Q. Is that preserved any place?

A. [The store] keeps them.

Q. Where do they keep them?

A. I am not quite sure."

The court overruled defendant's renewed objection, finding the document admissible as a business record. Defense counsel argued in closing that the prosecution failed to prove the value of the stolen rings. The prosecution and the court made no response to that part of the argument. The court found defendant guilty as charged and sentenced him to 15 years in prison. Defendant preserved his objection to the document in this motion for a new trial.

■ He again raises the issue on appeal. We will not reverse a trial court's decision concerning the admission of exhibits into evidence absent an abuse of discretion. *People v. Melchor*, 136 Ill. App. 3d 708, 715, 483 N.E.2d 971 (1985). However, if the trial court admits into evidence prejudicial exhibits lacking a requisite foundation, this court must reverse. See *Melchor*, 136 Ill. App. 3d at 713-14; *People v. Staten*, 89 Ill. App. 3d 1113, 412 N.E.2d 1075 (1980).

■ Section 115—5 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115—5 (West 1998)) governs admissibility of business records into evidence at criminal trials. That section provides:

"Any writing or record *** made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of such act, transaction, occurrence, or event, if made in regular course of any business, and if it was the regular course of

such business to make such memorandum or record at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter.

All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but such circumstances shall not affect its admissibility." 725 ILCS 5/115—5(a) (West 1998). The party who offers a document as evidence has the burden of establishing a proper foundation for the document. *People v. Graney*, 234 Ill. App. 3d 497, 505, 599 N.E.2d 574 (1992).

■ Thus, the prosecution had the burden of showing, for the printed sheet listing the catalogue numbers and prices for the three rings, that "(1) the writing or record was made as a memorandum or record of the act, transaction, occurrence, or event; (2) it was made in the regular course of business; and (3) it was the regular course of such business to make such a record at the time of the transaction or within a reasonable time thereafter." *People v. Tsombanidis*, 235 Ill. App. 3d 823, 835, 601 N.E.2d 1124 (1992).

■ Defendant points out that the store printed the document, on the morning of trial, in anticipation of litigation. Documents prepared in anticipation of litigation are not admissible as business records. 725 ILCS 5/115—5(c)(2) (West 1998); *In re N.W.*, 293 Ill. App. 3d 794, 799-800, 688 N.E.2d 855 (1997). But, as the prosecution argues, the retrieval of records in anticipation of litigation does not disqualify the records as business records. *People v. Houston*, 288 Ill. App. 3d 90, 98, 679 N.E.2d 1244 (1997). The requisite foundation pertains to the time when the business made the record, not when the business retrieved it. *Houston*, 288 Ill. App. 3d at 98. Therefore, the prosecution needed to prove that the store made the record at issue, in the regular course of business, as a memorandum of some act, transaction, occurrence or event, and the store made the record either at the time of the transaction or shortly thereafter.

■ The prosecution's foundation testimony showed none of the necessary elements. King testified only about retrieval of this record and similar records. She gave no testimony concerning the process of creating the records. She said nothing about the nature of the act, transaction, occurrence or event recorded, or when the store made the record. She did not testify that the store made such records in the regular course of business; she said only that she would retrieve such records in the regular course of business. Because the prosecution offered no evidence concerning the sources of information used or the process of creating the record, the trial court lacked any basis for assessing the trustworthiness of the record. See *Houston*, 288 Ill. App. 3d at 98; *People v. Singer*, 256 Ill. App. 3d 258, 267, 628 N.E.2d 592 (1993).

The prosecution claims that the evidence lacked prejudicial effect because King had the expertise needed to testify to the value of the rings even without the document. But the prosecution presented no evidence to establish her expertise or that she had any opinion concerning the value of the rings. She identified herself as a jewelry consultant, but she said the job involved only showing the jewelry and selling it. In her testimony she relied solely on the store's records to indicate the price for selling the rings.

King read the prices listed on the document into evidence during her testimony. That testimony cannot be admissible evidence of the value of the rings where the document itself is inadmissible. See *People v. Clark*, 108 Ill. App. 3d 1071, 1081, 440 N.E.2d 387 (1982). The document formed the basis for the prosecution's argument that the value of the rings exceeded $10,000. We find the document highly prejudicial. The trial court committed reversible error by admitting it into evidence.

■ Although defendant has not challenged the sufficiency of the evidence, we will address the issue briefly to protect defendant's right not to be subjected to double jeopardy. Our supreme court has instructed us that in determining whether retrial will violate double jeopardy principles, we must consider all of the evidence, including inadmissible evidence. *People v. Olivera*, 164 Ill. 2d 382, 393, 647 N.E.2d 926 (1995). Accordingly, we hold that retrial of defendant on the charge of retail theft of merchandise worth more than $10,000 will not violate double jeopardy principles.

Reversed and remanded.

O'MARA FROSSARD and COHEN, JJ., concur.