THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TODD E. KNOBLETT, Defendant-Appellant.

Fourth District   No. 4—88—0901

Opinion filed February 23, 1989.

Andrew J. Wapner, of Andrew J. Wapner, P.C., of Robinson, for appellant.

David W. Lewis, State's Attorney, of Marshall (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Defendant's driver's license was suspended pursuant to section 11—501.1 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1). Defendant filed a petition to rescind his summary suspension pursuant to section 2—118.1 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1). The circuit court of Clark County dismissed the petition and confirmed defendant's statutory summary suspension. Defendant appeals. We affirm.

This appeal is brought on an accelerated basis pursuant to Supreme Court Rule 311 (107 Ill. 2d R. 311). In accordance with Rule 311, the parties have filed an agreed statement of facts in lieu of a record. The crux of this appeal is whether defendant made a *prima facie* case for rescinding his summary suspension. The State offered no evidence for its case.

Defendant challenged the suspension by arguing the arresting police officer did not have reasonable grounds to believe he was driving under the influence of alcohol. (See Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b)(2).) Defendant testified at the hearing, but he submitted no evidence in addition to his testimony. Therefore, the only evidence for the court's consideration was defendant's testimony.

Defendant testified that he was stopped by a police officer from Casey, Illinois, on November 16, 1988, at approximately 2:30 a.m. Defendant got out of his car and met the officer between their vehicles. The officer told him he had failed to dim his headlights to oncoming traffic, which included the police vehicle. Defendant stated he walked back to his car to show the officer the headlights were on low beam. The officer ignored the matter of the headlights and, within a short period of time, defendant was arrested for driving under the influence of alcohol. Following argument, the trial court denied the petition to rescind.

█ Recently, our supreme court explained the allocation of the burden of proof in a rescission hearing. (*People v. Orth* (1988), 124 Ill. 2d 326, 530 N.E.2d 210.) According to *Orth*, a defendant has the burden of establishing a *prima facie* case for rescission of a summary suspension. (*Orth*, 124 Ill. 2d at 337-38, 530 N.E.2d at 215.) *Prima facie* evidence is that evidence sufficient to establish a fact and which will remain sufficient if unrebutted. (*People v. Sanders* (1987), 155 Ill. App. 3d 759, 764, 508 N.E.2d 497, 500.) In *Orth*, the defendant chal-

lenged the accuracy of a breathalyzer machine, and the court's comments are directed specifically at that issue. However, the court made the following pertinent comments with respect to what constitutes a *prima facie* case:

> "It only remains to consider what evidence presented by the motorist will constitute a *prima facie* case for rescission. Where the motorist argues for rescission on the basis that the test results were unreliable, such evidence may consist of any circumstance which tends to cast doubt on the test's accuracy, including, but not limited to, credible testimony by the motorist that he was not in fact under the influence of alcohol. We emphasize that this is not an invitation to commit perjury. Only if the trial judge finds such testimony credible will the burden shift to the State to lay a proper foundation for the admission of the test results. The trial judge's finding as to the *prima facie* case will not be overturned upon appeal unless against the manifest weight of the evidence." *Orth*, 124 Ill. 2d at 340-41, 530 N.E.2d at 217.

In the instant case, defendant challenged his summary suspension by arguing the arresting officer did not have reasonable grounds to suspect defendant of driving under the influence of alcohol. Applying the above-stated principle from *Orth*, defendant must present some evidence to negate the allegation that he exhibited symptoms of alcohol use. Defendant presented no evidence on the issue of alcohol. According to the statement of facts, he did not so much as say, "I was not under the influence of alcohol." Defendant's testimony simply explained why he was stopped, and that he was eventually arrested for driving under the influence of alcohol. On this record, we must find that defendant failed to establish a *prima facie* case for rescission of his summary suspension.

For the reasons stated above, we affirm the order of the circuit court of Clark County.

Affirmed.

McCULLOUGH, P.J., and GREEN, J., concur.