THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
TERRY TUCKER, Defendant-Appellee.

Second District   No. 2—91—1478

Opinion filed May 26, 1993.

DOYLE, J., dissenting.

Charles R. Hartman, State's Attorney, of Freeport (William L. Browers and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Thomas J. DeMik, of Freeport, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

The State appeals from an order of the circuit court of Stephenson County granting the petition of the defendant, Terry Tucker, for rescission of the summary suspension of his driving privileges (Ill. Rev. Stat. 1991, ch. 95½, par. 2—118.1). The sole issue raised on appeal is whether the trial court erred in determining that the defendant had presented a *prima facie* case for rescission of the summary suspension.

Defendant's petition raised the following grounds: (1) that defendant was not properly placed under arrest; (2) that the arresting officer did not have reasonable grounds to believe the defendant was driving under the influence of alcohol; (3) that the arresting officer failed to warn defendant his license would be suspended if he submitted to a test and the test disclosed an alcohol concentration of .10 or more; (4) that the test to which defendant submitted failed to disclose

an alcohol concentration of .10 or more; and (5) that the tests were not properly administered.

At the hearing on his petition, defendant testified that, on October 4, 1991, at approximately 11:30 p.m., he was pulling out of a McDonald's restaurant, when three police cars began following him. Defendant made a right turn out of the parking lot onto South Street, using his turn signal. He then crossed over into the left-hand lane to turn left onto West Avenue, again using his turn signal. Noting that the police cars were still behind him and wanting to determine if they would continue to follow him, defendant made a left-hand turn onto Jefferson Drive, from the left-hand turn lane and using his left-hand turn signal. He was very close to the intersection before he got into the left-hand turn lane. Defendant explained that he knew he was not supposed to cross a yellow line and, because of the various arrows and the solid yellow lines, it was very confusing. He did signal the left-hand turn, and at all times he drove within his lane of traffic and within the speed limit.

On cross-examination, defendant denied causing a disturbance at the McDonald's restaurant but conceded that his passenger might have "smarted off." No one at the restaurant told him that he or she was going to call the police. He indicated on the diagram of the Jefferson intersection that he got into the left-hand turn lane after the arrow. He performed a field sobriety test and acknowledged telling the arresting officer that he could not do the test even when he was sober.

The trial court then granted the State's motion for a directed finding on grounds one, three, four and five of the defendant's petition.

James Drehoble, a police officer for the City of Freeport, testified that on the date in question he received a report of a possible "DUI" driver in a yellow Cadillac at the McDonald's restaurant at South Avenue and West Avenue. After arriving at the McDonald's restaurant, he observed the yellow Cadillac backing out of a parking place, and he began to follow it. The Cadillac pulled up to a stop sign and made a right-hand turn onto South Street and then got into the left-hand turn lane at West Avenue. It then made a left-hand turn onto West Avenue, cutting across the southbound lane of traffic. The Cadillac continued to Jefferson Drive, where it made a left-hand turn but not from the proper left-hand turn lane. Drehoble then stopped the vehicle for making two illegal left-hand turns and for failing to yield at the yield sign at Monroe Drive. He identified defendant as the driver of the Cadillac.

On cross-examination, Drehoble admitted that he did not issue a ticket to the defendant for the illegal left-hand turn at South Street onto West Avenue. According to Drehoble, only two police vehicles followed the defendant's vehicle. He did not recall what happened to the third police vehicle which had been at the McDonald's restaurant. According to Drehoble, defendant incorrectly made his left-hand turn from the left northbound lane, but he conceded that defendant could have crossed over the yellow line just short of the intersection of South Street and Jefferson Drive.

The trial court found that there were grounds for stopping the vehicle based upon the citizen's complaint of an intoxicated driver. The trial court also found that Officer Drehoble had a right to stop defendant's vehicle based on one of the left-hand turns defendant made. However, on the issue of whether the officer had reasonable grounds to believe that defendant was under the influence of alcohol, the trial court observed that the only evidence it had on that issue was that the officer's report noted that he had smelled alcohol on defendant's breath and that defendant had failed an unspecified field sobriety test. The trial court found the evidence insufficient and granted the petition to rescind the summary suspension. Following the trial court's denial of its motion for reconsideration, the State brought this appeal.

In ruling on the State's motion for a directed finding in a summary suspension hearing, a two-stage analysis is applied: first, the trial court must determine if the defendant has made out a *prima facie* case, that is, presented at least some evidence on every element necessary to the cause of action; and, second, if the trial court determines that the defendant has made out a *prima facie* case, then the trial court must weigh that evidence. (*People v. Hawkins* (1991), 221 Ill. App. 3d 460, 464.) This weighing process may result in the negation of some of the evidence necessary to defendant's *prima facie* case, in which event the court should grant the State's motion and enter judgment in its favor. (*Hawkins*, 221 Ill. App. 3d at 464.) In considering whether the testimony presented by the defendant/motorist constitutes a *prima facie* case, the burden of proof will shift to the State only if the trial court finds such testimony credible. 221 Ill. App. 3d at 464.

The State contends that, since there are no substantial factual disputes or any questions of credibility, the issue before this court is a legal one which we may consider *de novo*. *People v. Abney* (1980), 81 Ill. 2d 159 (where neither the facts nor the witnesses' credibility is

questioned, the question of whether exigent circumstances exist is a legal one subject to consideration by the court *de novo*).

We disagree. In this case, the defendant presented extensive testimony as to his driving which, if believed by the trial court, would be some evidence that the arresting officer did not have reasonable grounds to believe that the defendant was driving under the influence of alcohol. Defendant detailed his driving maneuvers from the time he left the McDonald's restaurant until he was stopped by Officer Drehoble. Defendant denied making an illegal left-hand turn from South Street onto West Avenue, although he admitted being confused by the arrows as he turned left from West Avenue onto Jefferson Drive. He further testified that he observed the speed limit and used his turn signal when appropriate.

■ It is true that when arguing that the arresting officer did not have reasonable grounds for believing he was under the influence of alcohol a defendant must present some evidence to negate the allegation that he exhibited symptoms of alcohol use. (*People v. Knoblett* (1989), 179 Ill. App. 3d 1015, 1016.) However, in *Knoblett*, the sole evidence presented by the defendant was that he was stopped for failure to dim his headlights and that he showed the officer that the headlights were on low beam. In affirming the defendant's failure to establish a *prima facie* case, the reviewing court determined from the above testimony that defendant had presented no evidence on the issue of alcohol, not even denying that he was under the influence of alcohol. 179 Ill. App. 3d at 1017.

We do not believe that it was necessary for the defendant in this case to testify that he was not under the influence of alcohol while operating a motor vehicle in order to establish a *prima facie* case as long as there was evidence which, if believed by the trial court, could establish that fact. When the trial court's findings are based on the credibility of the witnesses, we may not substitute our judgment for that of the trial court. *People v. Graney* (1992), 234 Ill. App. 3d 497, 504.

■ The State also contends that the trial court improperly shifted the burden of proof to it by requiring the State to prove whether the defendant was under the influence of alcohol. Once the trial court determines that the defendant has established a *prima facie* case, the burden shifts to the State to come forward with evidence that the officer had reasonable grounds to believe that defendant was driving under the influence of alcohol. See *People v. Graney*, 234 Ill. App. 3d at 505 (where defendant established a *prima facie* case that the results from the breathalyzer test were inaccurate, the

burden shifted to the State to come forward with evidence of the reliability of the test).

We have previously determined that defendant, by virtue of the detailed testimony as to his driving, presented some evidence that the officer did not have reasonable grounds to believe that the defendant was driving under the influence. Nothing in the record suggests that the trial court disbelieved the defendant's testimony. The report of the arresting officer mentions a smell of alcohol and the defendant's failure to complete a performance test. In weighing the evidence, the trial court apparently concluded that neither the report nor the officer's testimony negated the defendant's *prima facie* case. The trial court must find that the defendant has satisfied his burden of proof by a preponderance of the evidence; however, whether the defendant has met his burden of proof is a question of fact for the trial judge, and this determination will not be overturned on review unless it is against the manifest weight of the evidence, that is, unless an opposite conclusion is clearly evident from the record. *Hawkins*, 221 Ill. App. 3d at 463.

We conclude, therefore, that defendant did present a *prima facie* case that the officer did not have reasonable grounds to believe that he was driving under the influence and that the trial court properly shifted that burden to the State to prove otherwise. The trial court's finding on this issue is supported by the record. Since the opposite conclusion is not clearly evident from the record, the decision of the trial court to rescind defendant's summary suspension is not against the manifest weight of the evidence.

The judgment of the trial court is affirmed.

Affirmed.

GEIGER, J., concurs.

JUSTICE DOYLE, dissenting:

I respectfully dissent.

As the majority decision correctly recognizes, the only issue before us is whether defendant presented a *prima facie* case that the arresting officer did not have reasonable grounds to believe that he was driving under the influence of alcohol. The trial court found that there was probable cause for stopping defendant's vehicle, and that finding is not challenged here.

The majority takes the position that defendant's testimony that he drove correctly for a distance of several blocks in itself constitutes a

*prima facie* showing that the officer had no reasonable basis for believing him to be under the influence, even though defendant did not deny that he was under the influence or present any other evidence on the subject. I disagree.

*Prima facie* evidence is that evidence sufficient to establish a fact and which will remain sufficient if unrebutted. (*People v. Sanders* (1987), 155 Ill. App. 3d 759, 764.) Erratic driving may be some evidence of driving under the influence but would not, in itself, constitute *prima facie* proof of that offense. Conversely, driving without error for several blocks may be, as the majority comments, "some evidence" of sobriety, but it does not, in my view, rise to the level of a *prima facie* showing sufficient to shift the burden of proof to the State. See *People v. Knoblett*, 179 Ill. App. 3d 1015.