654

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOHNNY STANTON, Defendant-Appellee.

Second District   No. 2—94—0546

Opinion filed February 23, 1995.

Anthony M. Peccarelli, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and William L. Browers and Mary Beth

Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Myron B. Goldstin, of Chicago, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

The State appeals an order of the circuit court of Du Page County rescinding the statutory summary suspension of the driving privileges of defendant, Johnny Stanton (see 625 ILCS 5/2—118.1 (West 1992)), arguing that defendant failed to make a *prima facie* case for either ground upon which the trial court relied, *viz.*, (1) that the arresting officer lacked probable cause to believe defendant was driving under the influence of alcohol; or (2) that defendant's blood-alcohol test result was rendered unreliable by the administration of unspecified intravenous fluids at the hospital shortly before he was tested. We agree with the State and reverse the trial court's order.

The sole witness at the hearing, arresting officer Bruce Schnizlein, testified that when he first saw defendant, defendant was standing outside his severely damaged car following an accident on Naper Boulevard in Naperville. According to witnesses who helped defendant out of the car, defendant had been driving the car north at a high rate of speed; the car swerved, crossed all lanes of traffic, and overturned. Judging from the tire marks, the officer concluded that defendant's car had gone from the northbound lane onto the curb, narrowly missing a telephone pole, down the curb, and across five lanes of traffic, where it struck the curb and overturned several times. At the scene, the officer spoke with defendant. Defendant was "dazed and confused" and Schnizlein smelled an odor of alcohol on defendant's breath. However, defendant was cooperative and he appeared to understand what the officer was telling him.

Defendant was taken to the emergency room of a hospital, where he spoke with Schnizlein, who noticed a strong odor of alcohol on defendant's breath. Schnizlein read defendant the "Warning to Motorists" and defendant submitted to a blood analysis. Defendant was subsequently arrested. About 90 minutes before the blood test, defendant had received intravenous fluids (there is no testimony about how much or what kind).

The State put on no witnesses. The trial court granted defendant's petition for rescission. The judge explained first that the occurrence of the accident and the odor of alcoholic beverages were insufficient evidence of reasonable grounds, as the officer admitted that defendant was "able to understand things."

The trial judge also held that, under the holding of *People v. Miller* (1988), 166 Ill. App. 3d 155, the fact that defendant had

received intravenous medication shortly before the blood test placed the burden on the State to demonstrate that the test was accurate. As the State had introduced no evidence that the medication did not make the test unreliable, defendant prevailed on this ground also.

The State argues that neither ground is proper, because defendant failed to adduce sufficient evidence to make a *prima facie* case on either theory. Only then would the burden shift to the State. We agree.

■ In a rescission proceeding, the defendant-petitioner bears the burden to prove one or more of the statutory grounds for rescission. (*People v. Orth* (1988), 124 Ill. 2d 326, 338.) Proof of a fact requires the defendant to introduce *prima facie* evidence thereof; *prima facie* evidence is that which is sufficient to establish a fact and will remain sufficient if it is unrebutted. (*People v. Knoblett* (1989), 179 Ill. App. 3d 1015, 1017.) In any event, an appellate court will overturn the trial court's factual determinations if they are against the manifest weight of the evidence. *People v. Hawkins* (1991), 221 Ill. App. 3d 460, 463.

Where, as here, the defendant alleges that the arresting officer lacked reasonable grounds to believe the defendant was driving under the influence of alcohol, it is the defendant's burden to produce *prima facie* evidence that the officer lacked such reasonable grounds. (*People v. Tucker* (1993), 245 Ill. App. 3d 161, 165-66; *Knoblett*, 179 Ill. App. 3d at 1017.) This evidence may include the defendant's testimony that he was driving properly, that he exhibited no symptoms of alcohol use, or that he was not driving. *Tucker*, 245 Ill. App. 3d at 165-66.

■ Although this standard is not high, defendant's evidence was insufficient to meet his burden of proof. The sole evidence on which the court relied (or could rely) was the officer's testimony that defendant was cooperative and understood the officer's questions. However, the probative value of these facts is nebulous. Cooperativeness and the ability to understand the arresting officer's directions after the fact are hardly inconsistent with intoxicated driving. Moreover, defendant did not contest the evidence that he had crossed several lanes of traffic, driven onto and over the curb, and proceeded throughout at a high rate of speed, or that the odor of alcohol was on his breath. These factors together were sufficient to rebut any *prima facie* case defendant may have established, and they constitute probable cause. The trial court's determination that Schnizlein did not have probable cause was against the manifest weight of the evidence.

■ Review of the trial court's second ground for rescission also requires us to apply the *Orth* standard. Where, as here, the results of the test show a blood-alcohol content at or over the statutory mini-

mum, a defendant must prove that the test did not accurately reflect his blood-alcohol concentration. (*Orth*, 124 Ill. 2d at 341; *People v. Culpepper* (1993), 254 Ill. App. 3d 215, 222-23.) As with the probable cause issue, the defendant's testimony that he had had little or nothing to drink before the arrest may be sufficient for a *prima facie* case that the test result was inaccurate. *Culpepper*, 254 Ill. App. 3d at 223.

However, in the case at bar, the only evidence that raised the issue of the blood test's reliability was the officer's testimony that defendant had received intravenous fluids before the test was administered. There is no evidence of what these fluids were, the amount that was administered, or whether such a procedure would raise or lower the result of a blood-alcohol test. We have only the bare fact of the administration of some sort of fluids 90 minutes before the test. The State argues that such evidence is insufficient to make a *prima facie* case, because it allows for no more than speculation that the test was unreliable. We agree.

The trial court relied on *Miller*, a criminal case in which the State had the burden to prove (beyond a reasonable doubt) that the defendant had been driving under the influence of alcohol. In holding that the evidence was insufficient, the appellate court specifically observed that "[i]t is not the defendant's burden to show she was not under the influence of alcohol." (Emphasis added.) (*Miller*, 166 Ill. App. 3d at 158.) The *Miller* court reasoned that, because the prosecution failed to establish a foundation for the blood test, it had not met *its* burden of proof and the conviction could not stand because there was inadequate evidence of intoxication.

In *People v. Culpepper* (1993), 254 Ill. App. 3d 215, a divided court applied *Miller* to the State's appeal of an order rescinding the defendant's summary suspension. The majority upheld the trial court's finding that the defendant had made a *prima facie* case that the test result was unreliable. However, the majority emphasized that the defendant had testified credibly that (1) she had had little to drink before the accident that led to her arrest and (2) she was not under the influence of alcohol at the time of the accident, which occurred only after she drove off a narrow road in order to avoid colliding with a pickup truck that suddenly headed toward her. The majority added, "We also view as unlikely defendant's theory that previous IV's given [to her] would have raised the alcohol level in her blood but the fact that this happened does nothing to enhance the State's case." *Culpepper*, 254 Ill. App. 3d at 223.

Dissenting, Justice Steigmann observed that in a summary suspension proceeding, unlike the criminal context of *Miller*, the motorist and not the State has the burden to make a *prima facie* case. Only after she has done so must the State introduce evidence

that the blood or breath test was accurate. Justice Steigmann believed that the defendant's testimony that she consumed little alcohol was inadequate to make such a case because the blood test involved here was inherently far more reliable than the breathalyzer test discussed in *Orth*. Also, the mere fact that defendant received intravenous fluids before the test did not shift the burden of proof to the State. The defendant would need to present "some credible evidence that her blood test was unreliable, not—as here—idle speculation and groundless argument that something she received *could possibly* have affected her blood test." (Emphasis in original.) *Culpepper*, 254 Ill. App. 3d at 228 (Steigmann, J., dissenting).

We need not decide whether the majority or the dissent had the stronger argument in *Culpepper*, as neither opinion supports defendant here. The *Culpepper* majority relied primarily on the defendant's direct testimony about her drinking and her driving—testimony of the sort specifically stressed in *Knoblett* and *Tucker* and *not* present here. Furthermore, the majority was dubious at best as to whether the mere fact of the intravenous injections would have established a *prima facie* case of unreliability under *Orth*, and surely did not rely heavily on this factor. Thus, *Culpepper* is distinguishable.

We do not believe *Culpepper* can fairly be read to hold that there is a *prima facie* case for rescission whenever there is evidence that something occurred which *may* have affected the result of a blood or breath test. Insofar as this reading is possible, we decline to follow it. Although *Orth* states that evidence of unreliability may include "any circumstance which tends to cast doubt on the test's accuracy" (*Orth*, 124 Ill. 2d at 341), it does not stand for the mechanical rule that any such evidence, however slight or inconclusive, amounts to *prima facie* evidence. In a rescission proceeding, as in any other, the party with the burden of proof cannot satisfy that burden through mere speculation or conjecture. Defendant's argument that the blood test was unreliable was based on speculation. Therefore, the trial court's finding that defendant proved his *prima facie* case was against the manifest weight of the evidence.

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed.

Reversed.

THOMAS and RATHJE, JJ., concur.