No. 2--00--0731

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of De Kalb County.

)

Plaintiff-Appellant, )

) Nos. 99--DT--365

) 99--DT--414

v. ) 99--TR--15028

)

RONALD A. BOOMER, ) Honorable

) James Donnelly,

Defendant-Appellee. ) Judge, Presiding.

________________________________________________________________

JUSTICE McLAREN 
delivered the opinion of the court:

Defendant, Ronald A. Boomer, was charged by complaint in the circuit court of De Kalb County with driving under the influence  of alcohol or the combined influence of alcohol and another substance or substances (DUI) (625 ILCS 5/11--501(a)(2), (a)(5) (West Supp. 1999)) and improper lane usage (625 ILCS 5/11--709 (West 1998)).  Defendant moved to quash his arrest and to suppress evidence on the basis that probable cause for the arrest was absent.  The trial court granted the motion and the State brought this appeal.  We affirm.

The following evidence was introduced during the hearing on defendant's motion to quash.  Brad Carls, a deputy with the De Kalb County sheriff's police department, testified that on September 16, 1999, at about 11:20 p.m., he was dispatched to an accident scene on Glidden Road just north of Route 64.  Once there, he found defendant lying on his back in a ditch about 15 feet from a motorcycle.  Defendant had suffered a severe injury to his mouth and was trying to communicate by blinking.  When he attempted to speak, his words were muffled.  Deputy Carls detected a strong odor of alcohol emanating from defendant.

Defendant was taken by ambulance to a nearby hospital.  Deputy Carls initially remained at the scene of the accident and briefly interviewed a witness who indicated that while driving southbound on Glidden Road she observed "sparking" in front of her vehicle.  She was unsure what the sparking was.  Deputy Carls proceeded to the hospital, arriving at about 11:45 p.m.  At that time defendant was being treated in the emergency room.  Deputy Carls asked defendant if he had been drinking, and defendant nodded affirmatively.  Deputy Carls proceeded to warn defendant in accordance with section 11--501.1(c) of the Illinois Vehicle Code (Code) (625 ILCS 5/11--501.1(c) (West Supp. 1999)).  While Deputy Carls was doing so, defendant became unresponsive, at which point Deputy Carls requested that the attending medical personnel draw defendant's blood for testing.  Deputy Carls issued tickets for improper lane usage and for DUI in violation of section 11--501(a)(2) of the Code (625 ILCS 5/11--501(a)(2) (West Supp. 1999)).  Deputy Carls also issued an "I Bond" which he left, along with the tickets, among defendant's possessions.  

Deputy Carls returned to the hospital the next day and asked defendant questions about the accident after advising him of his 
Miranda
 rights.  On October 7, 1999, after receiving the results of the blood test, Deputy Carls issued another ticket for DUI charging a violation of section 11--501(a)(5) of the Code, which prohibits driving "under the combined influence of alcohol, other drug or drugs, or intoxicating compound or compounds."  625 ILCS 5/11--501(a)(5) (West Supp. 1999).

Following the presentation of this evidence, the trial court ruled from the bench as follows:

"My finding is that this officer, at the time he arrested this Defendant for the first charge of DUI, did not have probable cause.

All he had is a severely injured person who had been in an accident on a motorcycle.  There's nothing unique about that.

He does have, however, a strong odor of alcohol.  A strong odor of alcohol at that time is not sufficient, under these facts, for me to believe that he had probable cause to believe this defendant was under the influence of alcohol."

The trial court reserved ruling on whether probable cause existed for the second arrest, based on the results of the testing of the blood drawn from defendant while he was unconscious.  The trial court also expressly reserved ruling on whether there was probable cause to arrest defendant for improper lane usage.  In a subsequent written order, the court granted defendant's motion to quash his arrest and suppress evidence.  This appeal followed.

In challenging the trial court's ruling, the State relies on the fact that defendant had apparently skidded off the road, had the strong odor of alcohol on his breath, and nodded affirmatively when the arresting officer asked him if he had been drinking.  The State contends that these circumstances provided probable cause for defendant's arrest.

Probable cause exists if the arresting officer knows facts that would lead a reasonable person to believe that the arrestee has committed an offense.  
People v. Rush
, 319 Ill. App. 3d 34, 40 (2001).  While proof beyond a reasonable doubt is not required, mere suspicion is insufficient.  
Rush
, 319 Ill. App. 3d at 40.  The odor of alcohol is frequently cited as a factor contributing to probable cause to arrest for DUI when considered in combination with other indicia of intoxication.  However, a trial court is not required to find probable cause based solely on the odor of alcohol.  For example, in 
People v. Tucker
, 245 Ill. App. 3d 161 (1993)--which arose from a proceeding for the rescission of the summary suspension of the defendant's driving privileges--this court affirmed the trial court's ruling that the smell of alcohol on the defendant's breath and his inadequate performance on an unspecified field sobriety test did not constitute reasonable grounds for the belief that the defendant was driving under the influence of alcohol.  In this setting, the term "reasonable grounds" is synonymous with probable cause.  
Rush
, 319 Ill. App. 3d at 38.  
People v. Ripplinger
, 316 Ill. App. 3d 1261 (2000), cited by the State, is not to the contrary; the existence of probable cause was not at issue in that appeal.

Our supreme court has recently observed that, under the traditional standard of review when a trial court's ruling on a motion to suppress evidence involves factual determinations and credibility assessments, the ultimate ruling will not be disturbed on appeal unless it is manifestly erroneous.  
People v. Sorenson
, 196 Ill. 2d 425, 430-31 (2001).  Recently, however, Illinois courts have reviewed suppression rulings in accordance with the principles set forth in 
Ornelas v. United States
, 517 U.S. 690, 134 L. Ed. 2d 911, 116 S. Ct. 1657 (1996).  See 
Sorenson
, 196 Ill. 2d at 431.  As stated in 
Sorenson
, under 
Ornelas
, findings of historical fact should be reviewed only for clear error and the reviewing court must give due weight to the inferences drawn from those facts by the trial court.  
Sorenson
, 196 Ill. 2d at 431, citing 
Ornelas
, 517 U.S. at 699, 134 L. Ed. 2d at 920, 116 S. Ct. at 1663.  However, the ultimate determination of probable cause based on those facts and inferences will be reviewed 
de novo
.  
Rush
, 319 Ill. App. 3d at 38-39.

In arguing that the trial court erred in granting defendant's motion to suppress, the State cites various cases where probable cause was found based in part on the odor of alcohol on the motorist's breath at the time of a DUI arrest and the motorist's involvement in a collision or his or her failure to keep the vehicle on the roadway.  For various reasons, the cases cited are inapposite.

The State initially cites 
People v. Brodeur
, 189 Ill. App. 3d 936 (1989), and 
People v. Wingren
, 167 Ill. App. 3d 313 (1988), in which this court reversed probable cause rulings favorable to the defendants.  In 
Brodeur
, the defendant was involved in a rear-end collision with a tow truck, and in 
Wingren
 the defendant had driven her vehicle into the backyard of a residence.  While in both cases, as here, the smell of alcohol on the defendant's breath was noted, there were additional indicia of intoxication that led to the conclusion that probable cause existed.  In both cases, the defendants' speech was slurred, and their eyes were described as red and bloodshot (
Brodeur
, 189 Ill. App. 3d at 938) or red and glassy (
Wingren
, 167 Ill. App. 3d at 316).

People v. Ruppel
, 303 Ill. App. 3d 885 (1999), is similarly distinguishable.  The 
Ruppel
 court concluded that the trial court's ruling that probable cause existed was not manifestly erroneous where, beyond the odor of alcohol on the defendant's breath, guilty knowledge could be inferred because she attempted to conceal the odor with a mint, and her speech was slightly slurred or altered.  
Ruppel
, 303 Ill. App. 3d at 890.  
Here, in contrast to 
Brodeur
, 
Wingren
, and 
Ruppel
, nothing about defendant's demeanor, appearance, or behavior suggests intoxication.

Two other cases upon which the State relies are distinguishable in light of the circumstances of the motor vehicle accidents that occurred in those cases.  In 
People v. Preston
, 205 Ill. App. 3d 35 (1990), the defendant's truck had evidently crossed the center line and collided with an oncoming vehicle, and in 
People v. Goodman
, 173 Ill. App. 3d 559 (1988), the defendant was arrested following reports that he had committed a hit and run offense.  Here, all that is known about defendant's accident is that he apparently lost control of his motorcycle.  The arresting officer spoke with a witness who observed "sparking," but there was no evidence that defendant was riding in an erratic manner.  More importantly, the vehicle defendant was operating, a motorcycle, was by its very nature far more vulnerable than a truck or automobile to any of a number of road hazards that the driver of a vehicle with four wheels could have safely negotiated.  As an indicator of intoxication, the spill defendant took is hardly comparable to the accidents in 
Preston
 and 
Goodman
.

As noted above, while the ultimate question of probable cause is subject to 
de novo
 review, the trial court's findings of historical fact and the inferences drawn from those facts are entitled to deference.  In 
Preston
 and 
Goodman
, the deferential standard favored the State, which had prevailed in the trial court.  Here, however, the standard of review runs the other way.  The trial court heard the arresting officer's testimony concerning the scene of defendant's accident and the officer's impressions from his observations.  The trial court found that the circumstances of the accident did not indicate the involvement of alcohol.  This finding is not manifestly erroneous.

While defendant nodded affirmatively when the arresting officer inquired whether he had been drinking, this fact adds nothing to the probable cause determination that was not already evident from the smell of alcohol on the defendant's breath.  Accordingly, the trial court did not err in concluding that probable cause to arrest defendant for DUI was lacking.  

The State also argues that the arresting officer had the authority  to request that defendant's blood be drawn pursuant to section 11--501.6 of the Code, which provides in pertinent part:

"(a) Any person who drives or is in actual control of a motor vehicle upon the public highways of this State and who has been involved in a personal injury or fatal motor vehicle accident, shall be deemed to have given consent to *** a chemical test or tests of blood *** for the purpose of determining the content of alcohol, other drug or drugs, or intoxicating compound or compounds of such person's blood if arrested as evidenced by the issuance of a Uniform Traffic Ticket for any [nonequipment] violation of the Illinois Vehicle Code ***. ***

(b) Any person who is dead, unconscious or who is otherwise in a condition rendering such person incapable of refusal shall be deemed not to have withdrawn the consent provided by subsection (a) of this Section.  In addition, if a driver of a vehicle is receiving medical treatment as a result of a motor vehicle accident, any physician licensed to practice medicine, registered nurse or a phlebotomist acting under the direction of a licensed physician shall withdraw blood for testing purposes *** upon the specific request of a law enforcement officer."  625 ILCS 5/11--501.6(a),(b) (West Supp. 1999).

Under this provision, "no driver is chemically tested unless the person has been arrested, based on the existence of probable cause, for a nonequipment violation of the Vehicle Code."  
Fink v. Ryan
, 174 Ill. 2d 302, 315 (1996).  As discussed above, probable cause to arrest defendant for DUI was lacking.  The State has not challenged the trial court's ruling that there was no probable cause to arrest defendant for improper lane usage.  Accordingly, section 11--501.6 does not apply.

For the foregoing reasons, the judgment of the circuit court of De Kalb County is affirmed.

Affirmed.

HUTCHINSON, P.J., and BOWMAN, J., concur.