Garfield D. WILLIAMS,
Plaintiff–Appellant,

v.

Owen VASQUEZ, Defendants–
Appellees.

No. 02–2066.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 6, 2002.

Decided April 1, 2003.

Before EASTERBROOK, RIPPLE, and MANION, Circuit Judges.

## ORDER

Garfield Williams brought this action pursuant to 42 U.S.C. § 1983 against Officer Owen Vasquez. Mr. Williams alleged that Officer Vasquez had violated his Fourth Amendment rights by arresting him for driving under the influence ("DUI") without probable cause. The district court granted summary judgment for Officer Vasquez, and Mr. Williams appealed. We affirm the judgment of the district court.

## I

## BACKGROUND

### A. Facts

Some of the facts leading up to Mr. Williams' arrest are not disputed. The parties agree that, at the time of the arrest, Mr. Williams was 74 years old, suffered from both diabetes and arthritis and walked with the assistance of a cane. On March 17, 1999, Mr. Williams lost consciousness while driving; his car crossed the center lane and damaged parking meters on the other side of the street. Officer Vasquez arrived at the scene shortly after the accident. At the scene, Mr. Williams could not produce a valid license or proof of insurance.

Other facts are in dispute. According to Officer Vasquez, when he arrived at the scene, he had to assist Mr. Williams out of the car. Officer Vasquez then observed that Mr. Williams was unable to walk without support, that he had red eyes and that he smelled of alcohol. Officer Vasquez further claims that he administered a number of field sobriety tests to Mr. Williams and that Mr. Williams failed all of them. Officer Vasquez stated that Mr. Williams was not using a cane, nor did Officer Vasquez observe a cane in Mr. Williams' possession or in the car.

Mr. Williams' recollection differs from that of Officer Vasquez. Mr. Williams testified that he had not been drinking on the day of the accident, that he pulled himself out of the car without assistance, that he walked with his cane thereafter, and that he neither was offered nor took any field sobriety tests.

Officer Vasquez arrested Mr. Williams for DUI; he also cited Mr. Williams for having an expired driver's license, for failing to produce proof of insurance, for damaging city property and for failing to keep in his lane of traffic. Mr. Williams was taken to the police station for processing on these charges.

The state proceeded to trial on these charges. At the trial, Mr. Williams produced a valid license and proof of insurance; consequently, the license and insurance charges ultimately were dropped. Mr. Williams was acquitted of the DUI and damage to city property charges, but was found guilty of failing to stay in his proper lane.

### B. Proceedings in the District Court

After he was acquitted on the DUI charge, Mr. Williams filed this action and claimed that his arrest for DUI was not supported by probable cause and thus violated his Fourth Amendment rights. Specifically, Mr. Williams alleged that Officer Vasquez, "in falsely arresting, detaining, and imprisoning" him without probable cause, had violated his rights under the Fourth Amendment to be free from unreasonable searches and seizures. R.1, ¶ 17. The Fourth Amendment violation is the only basis for relief set forth in Mr. Williams' complaint.

Officer Vasquez moved for summary judgment. He submitted that " 'the existence of probable cause for arrest is an absolute bar to a § 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution.' " R.13 at 4 (quoting *Schertz v. Waupaca County*, 875 F.2d 578, 582 (7th Cir.1989)). He further maintained that he had probable cause to arrest Mr. Williams for DUI because "Plaintiff had trouble balancing himself, smelled like alcohol, and had bloodshot eyes." *Id.* at 6. As well, Officer Vasquez contended that his actions were justified based on the closely related charge doctrine because he also had cited Mr. Williams for failing to stay in the proper lane and Mr. Williams had been found guilty of that offense.[1] Finally, Officer Vasquez claimed that he was entitled to summary judgment because Mr. Williams had not suffered a constitutional injury. According to Officer Vasquez, "the amount of time [Mr. Williams] spent at the station for the DUI ticket cannot be separated from the time he spent for the other tickets, one of which resulted in a guilty finding, supervision and the surrender of his driver's license." *Id.* at 9.[2]

In response, Mr. Williams argued that genuine issues of material fact precluded summary judgment. Mr. Williams pointed to a number of discrepancies between his and Officer Vasquez's versions of the events. Specifically, Mr. Williams' claimed that he had not been drinking on the day of the accident; that he did not have mumbled speech, blood shot eyes, or an odor of alcohol; that he was not administered any field sobriety tests; and that he could not walk without the assistance of his cane (which was in his possession at the time). Mr. Williams submitted that the undisputed fact of his immobility was not sufficient, standing alone, to justify an arrest for DUI. *See* R.22 at 5 (citing *Carroll v. Vill. of Homewood*, 2001 WL 1467708 (N.D.Ill. Nov.15, 2001); *People v. Boomer*, 325 Ill. App.3d 206, 259 Ill.Dec. 97, 757 N.E.2d 960, 961 (2001)). In addition, Mr. Williams argued that his false arrest could not be justified on the basis of an arrest for failure to keep in the proper lane because it was not closely related to the charge of DUI. Finally, Mr. Williams maintained that a jury could determine that he had suffered a constitutional injury because of the additional detention time and humiliation attendant to the DUI charge compared to the other infractions for which he was ticketed.[3]

After reviewing the submissions of the parties, the district court entered summary judgment for Officer Vasquez. The district court first noted that "[i]f the defendant had probable cause to arrest plaintiff for DUI, plaintiff's section 1983 false arrest claim is barred." R.34 at 4. The court then evaluated whether the undisputed facts concerning the accident amounted to probable cause to believe Mr. Williams had driven under the influence of alcohol. The court determined that "the only undisputed facts that were known to

---

**1.** Officer Vasquez also contended that, even if there was no probable cause for Mr. Williams' arrest, he was entitled to qualified immunity because a reasonable officer faced with the same situation could have believed that there was probable cause to arrest Mr. Williams for DUI. *Id.* at 8.

**2.** In support of his motion for summary judgment, Officer Vasquez submitted the transcript of Mr. Williams' criminal proceeding.

**3.** Mr. Williams also moved to strike the transcript offered in support of the summary judgment motion because Federal Rule of Civil Procedure 56(c) does not specifically list transcripts as evidence that could be considered in resolving motions for summary judgment and because the transcript is hearsay.

the defendant at the time of the arrest [we]re that plaintiff lost consciousness while driving on West Chicago Avenue, crossed the center lane and drove onto the curb on the east side of the street." R.34 at 4. The district court held that this fact, standing alone, did not amount to probable cause for a DUI arrest.

However, the district court continued, "[e]ven if [Officer Vasquez] did not have probable cause for the DUI arrest, defendant is entitled to qualified immunity if he had arguable probable cause to arrest plaintiff on that or any other closely related charge." *Id.* at 5. The district court went on to find that there was arguable probable cause to arrest Mr. Williams for improper lane usage and that improper lane usage was closely related to the DUI charge. According to the district court, under either party's version of the facts, "improper lane use is one of the charges that would have 'recommended itself to a reasonable police officer acting in good faith.'" *Id.* at 6 (quoting *Williams v. Jaglowski,* 269 F.3d 778, 783 (7th Cir.2001), *cert. denied,* 535 U.S. 1018, 122 S.Ct. 1608, 152 L.Ed.2d 622 (2002)). Therefore, the district court entered summary judgment in favor of Officer Vasquez.[4]

## II

## ANALYSIS

### A. Standard of Review

We review de novo a district court's decision to grant summary judgment. *See Remer v. Burlington Area Sch. Dist.,* 286

F.3d 1007, 1010 (7th Cir.2002). "At this stage, we draw all reasonable inferences in the light most favorable to the non-moving party." *Casteel v. Pieschek,* 3 F.3d 1050, 1052 (7th Cir.1993). However, "'[t]he non-moving party must identify specific facts to establish that there is a genuine triable issue.'" *Id.* (quoting *Maxwell v. City of Indianapolis,* 998 F.2d 431, 433 (7th Cir.1993)). This court may affirm the district court's ruling on any basis supported by the record. *See id.*

### B. Probable Cause

"It is well settled that the actual existence of probable cause to arrest precludes a § 1983 suit for false arrest." *Juriss v. McGowan,* 957 F.2d 345, 349 n. 1 (7th Cir.1992) (citing *Schertz v. Waupaca County,* 875 F.2d 578, 582 (7th Cir.1989)); *see also Fernandez v. Perez,* 937 F.2d 368, 370 (7th Cir.1991) (stating that probable cause to arrest "serves as an absolute bar to the plaintiff's claim for false arrest/imprisonment"). We previously have explained the basis for this rule:

This preclusion does not arise from the doctrine of qualified immunity, but rather from the fact that a person arrested with probable cause cannot cry false arrest. *United States v. Watson,* 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976) (arrest supported by probable cause satisfies the fourth amendment). And without a predicate constitutional violation, one cannot make out a prima facie case under § 1983. *Baker v. McCollan,*

---

4. The district court also denied Mr. Williams' motion to strike the criminal transcript from the summary judgment record. The court first determined that "the mere fact that trial transcripts are not listed in the Rule is not a basis for striking the transcript submitted by defendant." R.34 at 2 (citing *Aguilera v. Cook County Police & Corr. Merit Bd.,* 760 F.2d 844, 849 (7th Cir.1985)). The court next addressed Mr. Williams' hearsay argument: "[T]he fact that the transcript is hearsay does not render it inadmissible. The materials submitted in support of a summary judgment motion must be admissible in *content,* not in form." *Id.* Because Officer Vasquez could testify to the events contained in the transcript, the court concluded, the transcript was admissible.

443 U.S. 137, 140, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).

*Juriss,* 957 F.2d at 349 n. 1. Consequently, if there was probable cause to arrest Mr. Williams, this serves as a bar to his § 1983 false arrest claim.

■ Viewing the undisputed facts in the light most favorable to Mr. Williams, we must conclude, as did the district court, that Officer Vasquez lacked probable cause to arrest Mr. Williams for DUI. As the district court noted, "the only undisputed facts that were known to the defendant at the time of the arrest are that plaintiff lost consciousness while driving on West Chicago Avenue, crossed the center lane and drove onto the curb on the east side of the street." R.34 at 4. On these facts, Officer Williams did not have probable cause to believe that Mr. Williams was "intoxicated while driving" and, therefore, did not have probable cause to arrest him for DUI. *People v. Rhoden,* 253 Ill.App.3d 805, 192 Ill.Dec. 785, 625 N.E.2d 940, 943 (1994); *see also* 625 ILCS 5/11–501(a).

■ Although Officer Vasquez did not have probable cause to arrest Mr. Williams for DUI, it is undisputed that he did have probable cause to believe that Mr. Williams had committed at least three other traffic violations: improper lane usage, in violation of 625 ILCS 5/11–709 and Municipal Code of Chicago, Ill. § 9–12–050(b); failure to produce proof of insurance, in violation of 625 ILCS 5/3–707; and failure to produce a valid license in violation of 625 ILCS 5/6–112. *See* R.22, Statement of Undisputed Facts ¶¶ 17, 35. Illinois state law authorizes its police officers to make an arrest if the officer "has reasonable grounds to believe that the person is committing or has committed an offense," 725 ILCS 5/107–2, which is defined as "a violation of any penal statute of this State," 725 ILCS 5/102–15. Not only are such arrests permitted under Illinois law, the Supreme

Court of the United States has held that arrests for minor offenses—even those that are punishable only by fine—do not violate the Fourth Amendment of the Constitution. *See Atwater v. City of Lago Vista,* 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001). Consequently, Officer Vasquez was operating within the confines of the federal constitution when he arrested Mr. Williams for the offenses of improper lane usage, failure to produce a valid driver's license and failure to produce proof of insurance.

Although Officer Vasquez had probable cause to arrest him, Mr. Williams nevertheless believes that the officer would not have arrested him for the traffic offenses standing alone. In Mr. Williams' view, Officer Vasquez's real reason for the arrest was his unsupported belief that Mr. Williams had been driving under the influence of alcohol. Consequently, Mr. Williams submits, because the unsupported DUI charge was Officer Vasquez's real motivation in effectuating the arrest and because the officer lacked probable cause to believe that Mr. Williams had committed this offense, Officer Vasquez violated his Fourth Amendment rights. We cannot agree.

In *Whren v. United States,* 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), the Supreme Court rejected an argument very similar to the one that Mr. Williams now makes to this court. In *Whren,* the police had observed a driver commit several traffic violations and consequently stopped the car. The police approached the car and saw two bags of what appeared to be crack cocaine in the hands of the passenger, Whren. After his consequent conviction for drug possession, Whren maintained before the Supreme Court of the United States that the police officers' motive in effectuating the traffic stop was not the traffic violations but a desire to conduct

other investigatory activities that were not supported by reasonable suspicion or probable cause. Whren maintained that this motive undermined the constitutional validity of the traffic stop. The Supreme Court disagreed and observed that its case law "foreclose[d] any argument that the constitutional reasonableness of traffic stops depends on the actual motivations of the individual officers involved." *Id.* at 813, 116 S.Ct. 1769.[5]

We believe that principle articulated by the Supreme Court in *Whren* governs our decision in the case before us. The consti-

tutional reasonableness of Mr. Williams' arrest is not dependent on Officer Vasquez's actual intent in making the arrest. When Officer Vasquez arrested Mr. Williams, the officer had probable cause to believe that several traffic violations had occurred; Officer Vasquez's subjective motivation does not alter that objective fact.[6]

Finally, Mr. Williams maintains that, had he simply been charged for the lane usage, insurance and license violations, the booking time for the arrest would have been shorter and the ensuing legal process

**5.** Prior to *Whren v. United States*, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), this court rejected an argument that officers' ulterior motives in making an arrest were relevant to a claim of false arrest: "Schertz's claim—that the investigating officers harbored malicious motives toward him—does not address an issue material to the disposition of the case. Regardless of the defendants' motives toward the plaintiff, the existence of probable cause for arrest is an absolute bar to a Section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution." *Schertz v. Waupaca County*, 875 F.2d 578, 582 (7th Cir.1989).

**6.** Mr. Williams also maintains that this court cannot rely on the closely related charge doctrine to absolve Officer Vasquez of the constitutional violation. Mr. Williams relies heavily on *Carroll v. Village of Homewood*, 2001 WL 1467708 (N.D.Ill. Nov.15, 2001), to support this argument. Relying in part on the First Circuit's decision in *Sheehy v. Town of Plymouth*, 191 F.3d 15 (1st Cir.1999), the district court in *Carroll* determined that there were too few similarities between a charge for DUI and a charge for improper lane change to conclude that they were closely related: "The charges of improper lane usage and DUI do not relate to the same conduct, nor do they prohibit the same type of conduct. The only similarity between them is that crossing the center line can be used as evidence of guilt for each." *Carroll*, 2001 WL 1467708, at *8.

We believe that Mr. Williams' focus on the closely related charge doctrine misses the mark. Although the district court relied on the doctrine to grant summary judgment, this court is not tied to the reasoning of the dis-

trict court, but may affirm on any basis supported by the record. *See Casteel*, 3 F.3d at 1052. We do not believe that reference to the closely related charge doctrine is necessary to resolve this case. Mr. Williams actually was arrested for and charged with several other offenses, all of which were supported by probable cause.

Furthermore, we do not believe that the analysis of the district court in *Carroll* is entirely faithful to the approach sanctioned by our case law:

[i]n order to rely on a closely-related charge, however, the officers must show that the charge can reasonably be based on the same set of facts that gave rise to the arrest and that the charge offered as justification is one that "would [have recommended] itself to a reasonable police officer acting in good faith" at the time the arrest was made. The justification for the arrest cannot be an *"ex post facto* extrapolation of [ ] all crimes that might have been charged on a give set of facts."

*Williams v. Jaglowski*, 269 F.3d 778, 783 (7th Cir.2001) (quoting *Richardson v. Bonds*, 860 F.2d 1427, 1431 (7th Cir.1988)).

Here, the circumstances that were presented to Officer Vasquez suggested that the charge of improper lane usage was appropriate. Mr. Williams' car clearly had crossed into the oncoming lanes of traffic and injured property on the opposite side of the street. Indeed, in light of the fact that Mr. Williams actually was charged with improper lane usage, there simply is no basis for concluding that the improper lane usage charge was an *"ex post facto"* extrapolation of the facts to justify the arrest.

would have been more streamlined. Mr. Williams claims that his detention on the day of his arrest was longer because of the decision to charge him with DUI. *Cf. United States v. Childs,* 277 F.3d 947, 947 (7th Cir.2002) (en banc) (holding that police questioning "may affect the reasonableness of [a] detention (which *is* a seizure) to the extent that they prolong custody"). However, there is simply no evidence in the record to establish that the DUI charge resulted in a longer initial detention, more extensive judicial involvement, or more delays. The burden was on Mr. Williams to bring forth such evidence, *see Casteel,* 3 F.3d at 1052, and without such evidence, his claim cannot stand.

### C.  Admissibility of Prior Testimony

■ Mr. Williams also submits that the district court should not have considered the transcript from the prior criminal proceedings in deciding Officer Vasquez's motion for summary judgment. He contends that Federal Rule of Civil Procedure 56(c) does not list prior testimony as evidence that may be offered in support of a motion for summary judgment. Furthermore, he maintains that the prior testimony is inadmissible hearsay and therefore cannot be considered by the court.

Rule 56(c) does not identify specifically trial transcripts as a form of evidence that may be considered at the summary judgment stage. The subsection provides: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). However, we have held that Rule 56(c) contains a nonexhaustive list of materials that may be submitted in support of summary judgment. *See Woods v. City of Chicago,* 234 F.3d 979, 987–88 (7th Cir.2000) ("[W]hile Fed. R.Civ.P. 56(e) allows a party to submit affidavits in support of its summary judgment motion, it does not require that all supporting material be submitted in affidavit form. . . . [T]he court may consider any material that would be admissible or usable at trial, including properly authenticated and admissible documents or exhibits." (internal quotation marks and citations omitted)), *cert. denied,* 534 U.S. 955, 122 S.Ct. 354, 151 L.Ed.2d 268 (2001). Furthermore, along with other courts, we have recognized that transcripts of testimony may be considered in support of, or opposition to, a motion for summary judgment. *See Askew v. Bloemker,* 548 F.2d 673, 679 (7th Cir.1976) ("[T]he record before us contains voluminous material cognizable on a motion for summary judgment, including numerous depositions and some transcripts from the criminal trial at which defendants were previously acquitted of violating the civil rights of the Askews and other citizens.").[7] Consequently, there was no error in the district court's reliance on the transcript of the state proceedings.

---

**7.** See also *Kelley v. Price-Macemon, Inc.,* 992 F.2d 1408, 1415 n. 12 (5th Cir.1993) ("It is well-settled that a certified transcript of a judicial proceeding may be considered on a motion for summary judgment."); *Langston v. Johnson,* 478 F.2d 915, 918 (D.C.Cir.1973) (collecting cases); *Beiswenger Enters. Corp. v. Carletta,* 46 F.Supp.2d 1297, 1299 (M.D.Fla. 1999) ("Trial testimony, even when from a proceeding in which the parties, subject matter, and counsel are not the same can be used because it is sworn testimony which is at least as reliable as that found in affidavits."); *Kraft Gen. Foods, Inc. v. Cattell,* 18 F.Supp.2d 280, 284 (S.D.N.Y.1998) ("Sworn testimony from another trial is admissible on a motion for summary judgment.").

## Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED